BILLIE ·JEAN JENNINGS HILL v. BERNARD LARRY HILL, ALSO
KNOWN AS BROADUS BUNK HILL

No. 7126DC50

(Filed 28 April 1971)

1. Rules of Civil Procedure § 11— verification of pleadings — action based
on written instrument for payment of money

   G.S. 1A-1, Rule 11(c) does not require verification of the pleadings
   when the action or defense is founded on a written instrument for
   the payment of money.

2. Judgments §§ 14, 17; Rules of Civil Procedure § 55— default judgment
— jurisdiction

   A judgment by default is void if the court is without jurisdiction.

3. Judgments § 14; Rules of Civil Procedure § 55— default judgment
against nonappearing defendant

   In order for a valid default judgment to be entered against a non-
   appearing defendant, there must be compliance with the requirement
   of Rule 55 that it appear by affidavit or otherwise that the party
   against whom a judgment for affirmative relief is sought has failed
   to plead or is otherwise subject to default judgment as provided by
   law, and with the requirement of G.S. 1-75.11 that there be proof of
   jurisdiction.

4. Judgments § 14— default judgment against nonappearing defendant —
establishment of jurisdiction

   In order to establish personal jurisdiction for entry of judgment
   against a nonappearing defendant, G.S. 1-75.11 requires, in addition to
   proof of service of summons, that an affidavit or other evidence be

made and filed of the existence of any fact needed to establish personal jurisdiction over a defendant which is not shown by a verified complaint.

**5. Courts § 2; Judgments § 14— default judgment — nonappearing defendant — jurisdiction**

Personal jurisdiction over a nonappearing defendant for the purpose of entry of a default judgment is not presumed by the service of summons and an unverified complaint but must be proven and appear of record as required by G.S. 1-75.11.

**6. Judgments § 14— default judgment — nonappearing defendant — failure to show personal jurisdiction**

The summons, the certificate of the officer serving it, and the unverified complaint were insufficient under G.S. 1-75.11 to show that the court had jurisdiction to enter a personal judgment by default against a nonappearing defendant.

APPEAL by plaintiff from *Gatling, District Court Judge,* 12 October 1970 Session of District Court held in MECKLENBURG County.

On 5 August 1970 plaintiff caused a summons to issue and filed an unverified complaint alleging that the defendant was indebted to the plaintiff in the sum of $6,960; that this indebtedness arose from a default in the payment by the defendant to the plaintiff of the sum of $20 per week for the support of a minor child born to the parties; that this was ordered on 27 November 1963 in a Decree of Absolute Divorce in the Circuit Court for the City of Roanoke, Virginia, entered in a proceeding between the parties; and that a copy of the decree was attached to the complaint as Exhibit A.

A copy of the summons and the complaint were served on the defendant personally by the sheriff of Mecklenburg County on 6 August 1970. The defendant failed to answer or otherwise defend against the unverified complaint and failed to appear personally or by an attorney at any of the proceedings either before or at the time of the "Entry of Default" by the clerk or the entry of the judgment by Judge Gatling, the district court judge, on 14 September 1970. That judgment reads as follows:

"THIS CAUSE coming on to be heard before the Honorable Willard I. Gatling, Judge Presiding at the September 14, 1970, Non-Jury Civil Session of Mecklenburg County District Court Division of the General Court of Justice, and being heard on September 14, 1970, upon the Complaint filed in this action on August 5, 1970 praying for an award of future child support for Charlene Angela Hill, and for a

Hill v. Hill

Judgment as to the child support arrearage under a Virginia divorce decree;

AND defendant having failed to answer or otherwise plead to said Complaint and having failed to appear at this hearing pursuant to a show-cause Order filed September 4, 1970, and served upon the defendant that date;

AND the Court having heard the matter upon the Complaint and evidence presented by plaintiff's attorney;

AND the plaintiff having taken a voluntary dismissal as to the future child support by reason of the child having been adopted as of February 17, 1970;

Now, based upon the record in this case, the default of the defendant, and the evidence presented, the Court makes the following findings of fact:

1. The plaintiff is a citizen and resident of St. Petersburg, Pinellas County, Florida.

2. The defendant is a citizen and resident of Mecklenburg County, North Carolina.

3. The plaintiff and defendant were married to each other in Roanoke, Virginia, on or about December 23, 1960.

4. One child, Charlene Angela Hill, who is now eight years of age, was born of the marriage.

5. The plaintiff and defendant were divorced on November 27, 1963, by Decree of Absolute Divorce in the Circuit Court for the City of Roanoke, Virginia.

6. By the terms of said Decree of Divorce, the plaintiff was granted and presently has custody of said child; and the defendant was required to pay to the plaintiff for the support of said child the sum of Twenty and No/100 Dollars ($20.00) per week, beginning November 27, 1963.

7. Since the entry of said Divorce Decree, the defendant has made no payments for the support of said minor child, and he has failed and refused to pay any such installments or the arrearage due under said Divorce Decree.

8. Said minor child was adopted by the present husband of the plaintiff in the Circuit Court for Pinellas County, Florida, on February 17, 1970.

9. The defendant owes to the plaintiff for the support of said minor child until February 17, 1970, pursuant to the terms of said Divorce Decree, the amount of $6,460.00.

10. The plaintiff is a dependent spouse and has insufficient means to pay costs and counsel fees for the handling of this action.

11. A complaint was filed instituting this action on August 5, 1970, and together with a Summons was served on the defendant on August 6, 1970.

12. No Answer or other pleading has been filed by the defendant, no extension of time to file pleadings has been granted, and the time for pleading or otherwise defending this action has expired.

13. The defendant wilfully failed to appear personally or by counsel in Court on September 14, 1970, pursuant to the show-cause Order filed in this action on September 4, 1970.

14. The Clerk of Superior Court of Mecklenburg County, North Carolina, has made Entry of Default against the defendant.

NOW, THEREFORE, THE COURT CONCLUDES that the defendant owes to the plaintiff for the support of the minor child, Charlene Angela Hill, from November 27, 1963, until February 17, 1970, the amount of $6,460.00, and that the defendant is in contempt of this court for his failure to abide by the terms of said Show-cause Order;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The plaintiff have and immediately recover from the defendant the amount of $6,460.00, with interest thereon at the rate of six percent (6%) per annum on the unpaid principal balance from and after the date of this Judgment until paid.

2. An execution against the person of the defendant is hereby authorized if an execution against the property of the defendant is returned unsatisfied.

3. Pursuant to G.S. 50-13.4(e) and (f)(1) and (2), the Court orders the defendant to execute by September 29,

---

---

1970, if this Judgment has not been paid in full by that time, a Deed of Trust in the office of plaintiff's attorney, 807 Law Building, Charlotte, N. C., creating an interest in defendant's real property described as Lot 7, Hidden Valley Estates, Addition #1, Map Book 12, pages 575 and 577, Mecklenburg Registry, to secure payment of said $6,460.00 in child support plus interest, and if he fails to comply with this Judgment, the defendant shall be in wilful contempt of same and the Court, pursuant to Rule 70 of G.S. 1A-1, appoints as of September 30, 1970, Eugene C. Hicks, III, as Commissioner to execute said Deed of Trust to Richard F. Harris, III, Trustee for Billie Jean Jennings Hill, at the cost of the defendant, and when so done the same shall have the same effect as if done by the defendant.

4. If this Judgment has not been paid in full by September 29, 1970, the defendant shall execute in the office of plaintiff's attorney an assignment of wages, salary or other income due or to become due for payment of same as provided in G.S. 50-13.4 (f) (1).

5. The defendant shall pay by September 29, 1970, directly to the plaintiff's attorney, 'Richard F. Harris, III,' at 807 Law Building, Charlotte, N. C. 28202, the sum of $250.00, plus 6% interest per annum on the unpaid principal balance after that date, in partial payment for legal services rendered to the plaintiff in this matter to date.

6. The defendant shall immediately pay the costs of this action.

7. If the defendant fails to comply with any of the provisions of this Judgment, he shall be immediately arrested for wilful contempt, without further Order of this Court and upon the written request to the Sheriff by plaintiff's attorney, and confined in the Mecklenburg County Jail until he does so comply or until further Orders of this Court are entered."

On 29 September 1970 the defendant filed a motion under G.S. 1A-1, Rules 60 and 62 to set aside the foregoing judgment and the execution issued thereon, asserting that the judgment was void because, *inter alia,* the decree of the Virginia court, attached to the complaint as Exhibit A, was not authenticated as provided in G.S. 1A-1, Rule 44, and the complaint was not

verified as provided in G.S. 1A-1, Rule 11(c). This motion was heard by Judge Gatling, and under date of 19 October 1970, an order was entered vacating the judgment dated 14 September 1970.

Plaintiff objected and excepted to the order vacating the judgment and appealed to the Court of Appeals.

*Hicks & Harris by Richard F. Harris III for plaintiff appellant.*

*Olive, Howard & Downer by Carl W. Howard for defendant appellee.*

MALLARD, Chief Judge.

Plaintiff contends that the court committed error in setting aside the default judgment entered on 14 September 1970. In the motion of the defendant to set aside the judgment, it is alleged that it was based upon an unverified complaint and did not comply with G.S. 1A-1, Rule 11(c) and G.S. 1-75.11.

[1]  Under G.S. 1A-1, Rule 11(a), it is not necessary that pleadings be verified or accompanied by an affidavit unless otherwise specifically provided by the rules or by statute. Defendant appellee contends that the provisions of G.S. 1A-1, Rule 11(c) require verification of the pleadings when the action or defense is founded upon a written instrument for the payment of money. We do not agree. G.S. 1A-1, Rule 11(c) sets forth the circumstances and the manner in which pleadings *may be* verified by an agent or attorney of a party when the action or defense is founded upon a written instrument for the payment of money only, but it does not specifically require verification.

[2]  A judgment entered contrary to the statutes and Rules of Civil Procedure is void. A judgment by default is void if the court is without jurisdiction. G.S. 1-75.1, *et seq.* Void judgments are legally ineffective. They have semblance but are lacking in an essential element or elements, and they may always be treated as nullities. *Moore v. Humphrey,* 247 N.C. 423, 101 S.E. 2d 460 (1958) ; *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283 (1934) ; *Wellons v. Lassiter,* 200 N.C. 474, 157 S.E. 434 (1931) ; 5 Strong, N. C. Index 2d, Judgments, § 16.

[3]  In order for a valid judgment to be entered in an action against a nonappearing defendant, there must be compliance

with the provisions of G.S. 1A-1, Rule 55, as well as G.S. 1-75.11. G.S. 1A-1, Rule 55 requires that before the clerk can "enter his default" it must be made to appear by "affidavit or otherwise" that the party against whom a judgment for affirmative relief is sought has failed to plead or is otherwise subject to default judgment as provided by law. G.S. 1-75.11 requires that before entering a judgment against a nonappearing defendant, there must be proof of jurisdiction.

G.S. 1-75.11 reads in pertinent part as follows:

"Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, *require proof of service of the summons in the manner required by § 1-75.10 and, in addition, shall require further proof as follows:*

(1) Where Personal Jurisdiction Is Claimed Over the Defendant.—Where a personal claim is made against the defendant, the court shall require proof by affidavit or other evidence, *to be made and filed,* of the existence of any fact not shown by verified complaint which is needed to establish grounds for personal jurisdiction over the defendant. The court may require such additional proof as the interests of justice require.

(2) Where Jurisdiction Is in Rem or Quasi in Rem.—Where no personal claim is made against the defendant, the court shall require such proofs, by affidavit or otherwise, as are necessary to show that the court's jurisdiction has been invoked over the status, property or thing which is the subject of the action. The court may require such additional proof as the interests of justice require." (Emphasis added.)

The defendant did not appear in apt time after he was personally served with summons and unverified complaint. G.S. 1A-1, Rule 12(a)(1). The parties stipulated "that Summons and Complaint in this action were issued on the 5th day of August, 1970, and thereafter served on the defendant personally on the 6th day of August, 1970." The summons and the certificate of the officer showing the service are not contained in this record, and we therefore assume they were correct and proper in form. A proper summons gives no information as to the nature of an action. G.S. 1A-1, Rule 4(b).

[4]   The certificate of the officer who served the summons and complaint herein showing the place, time, and manner of the personal service on the defendant may have been a part of the "evidence presented by plaintiff's attorney" referred to in the preface of the judgment. The summons and certificate of service, if properly presented, would have been proof of the first requirement of G.S. 1-75.11 with respect to proof of the service of summons on a natural person present in the State and not under disability. However, they would not meet the requirement that further proof of jurisdiction be offered before judgment against a nonappearing defendant may be entered. There is a distinction between obtaining jurisdiction by service of process and the proof of jurisdiction as required by G.S. 1-75.11 before entry of a judgment against a nonappearing defendant. Under G.S. 1-75.11, proof of service of summons is only part of the proof necessary to establish grounds for personal jurisdiction before entering the judgment.

[4, 5]   The additional proof required is that an "affidavit or other evidence" *be made and filed* of the existence of any fact needed to establish grounds for personal jurisdiction over a defendant which is not shown by a verified complaint. The filing of the affidavit or other evidence is required under G.S. 1-75.11 and is necessary before jurisdiction is established and a judgment against a nonappearing defendant may be entered. Here we have no verified complaint and no affidavit or "other evidence" appears in this record as having been filed pertaining to the grounds for personal jurisdiction over the defendant.

> "Jurisdiction is the power of the court to decide a case on its merits and presupposes the existence of a duly constituted court with control over the subject matter and the parties. The issue must be brought before the court in a proper proceeding. * * *
>
> *         *         *
>
> The general rule is that the fact that a court of general jurisdiction has acted raises a prima facie presumption of rightful jurisdiction, and the burden is upon the party asserting want of jurisdiction to show it. * * *" 2 Strong, N. C. Index 2d, Courts, § 2.

However, personal jurisdiction over a nonappearing defendant for the purpose of the entry of a judgment by default is not

---

---

presumed by the service of summons and an unverified complaint but must be proven and appear of record as required by G.S. 1-75.11.

General jurisdictional requirements are set forth in G.S. 1-75.1, *et seq.* The question of jurisdiction over the subject matter is not presented on this record. The jurisdictional requirements for a judgment against a person are set forth in G.S. 1-75.3, the pertinent parts of which are:

"\* \* \* A court of this State having jurisdiction of the subject matter may render a judgment against a party personally only if there exists one or more of the jurisdictional grounds set forth in § 1-75.4 or § 1-75.7 and in addition either:

(1) Personal service or substituted personal service of summons, or service of publication of a notice of service of process is made upon the defendant pursuant to Rule 4(j) of the Rules of Civil Procedure; or

(2) Service of a summons is dispensed with under the conditions in § 1-75.7."

The applicable jurisdictional grounds set forth in G.S. 1-75.4 are as follows:

"A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

\* \* \* In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

a. Is a natural person present within this State \* \* \* ."

The provisions of G.S. 1A-1, Rule 4(j) read in part:

"*Process—manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process shall be as follows:

Hill v. Hill

\* \* \* Except as provided in subsection (2) below, upon a natural person:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein \* \* \* ."

[6]     Assuming that the certificate of service of summons and unverified complaint is in compliance with the provisions of G.S. 1A-1, Rule 4(j)(1)(a), it is not sufficient to prove the added jurisdictional requirements of G.S. 1-75.11 before a valid judgment by default could be entered against this nonappearing defendant. An unverified complaint is not an affidavit or other evidence. There is no proof by affidavit or other evidence "made and filed" in this case showing that there was a claim arising within or without this State against a natural person, not under disability, and present within the State at the time of service of summons. (However, it does appear on the first page of the record under the heading "Plaintiff Appellant's Statement of Case on Appeal" that the defendant was personally served with process "at his residence in Charlotte.") We hold that the summons, the certificate of the officer serving it, and the unverified complaint are insufficient to establish the jurisdictional requirements for the judgment entered herein.

If the necessary proof required by G.S. 1-75.11 was "made," it was not filed as required. For the failure of the record to show, as required by G.S. 1-75.11, personal jurisdiction of the defendant by the court, the judgment entered herein was void and could be considered and treated as a nullity.

G.S. 1A-1, Rule 60 provides that the court may relieve a party from a final judgment when the judgment is void upon motion made within a reasonable time and upon such terms as are just. The trial judge properly set aside the default judgment entered herein upon motion of the defendant.

It is not necessary for decision in this case, and we do not decide whether a responsive pleading was necessary under the new Rules of Civil Procedure. Averments in pleadings are admitted when not denied in a responsive pleading, if a responsive pleading is required. G.S. 1A-1, Rule 8(d).

We do not deem it necessary to discuss whether the Virginia Decree of Absolute Divorce was properly authenticated as required by G.S. 1A-1, Rule 44. Neither do we discuss or rule on the other contentions made by the parties herein; nor do we rule on the questionable but unquestioned authority of the district court judge to order the defendant arrested and confined upon the written request of plaintiff's attorney to the sheriff.

The order entered herein vacating the judgment by default is affirmed.

Affirmed.

Judges PARKER and VAUGHN concur.