BILLIE JOHNSON WHITAKER v. JOHN WILLIAM WHITAKER

No. 7215DC578

(Filed 25 October 1972)

1. **Divorce and Alimony § 2; Rules of Civil Procedure § 8— failure to file answer — admission of averments**

    In an action for alimony without divorce based on abandonment, the failure of defendant to file an answer constituted an admission of the abandonment.

2. **Rules of Civil Procedure §§ 8, 55— failure to answer as admission — entry of default unnecessary**

    Since defendant's failure to deny plaintiff's averment of abandonment constituted an admission thereof, the trial court did not err in signing a judgment awarding alimony and counsel fees without prior entry of default by the Clerk or notice as required by G.S. 1A-1, Rule 55.

APPEAL by defendant from *McLelland, District Judge*, 20 April 1972 Session of District Court held in ALAMANCE County.

Whitaker v. Whitaker

In a verified complaint filed 8 November 1971, plaintiff, among other things, alleged abandonment by her husband, the defendant, and sought counsel fees, alimony and alimony *pendente lite*. The summons and complaint were personally served. After hearing, an order allowing alimony *pendente lite* was entered. Thereafter, the case was placed on the trial calendar. When the case was called for trial on 20 April 1972, defendant had not filed answer. Both parties appeared and were represented by counsel. The judge restricted the evidence to that tending to show the proper amount of alimony. From judgment awarding alimony and counsel fees, defendant appealed.

*Dalton & Long by W. R. Dalton, Jr., for plaintiff appellee.*

*Ross, Wood & Dodge by Harold T. Dodge; Welker O. Shue for defendant appellant.*

VAUGHN, Judge.

[1] The question presented is as follows: In an action for alimony without divorce based on abandonment, does the failure of defendant to file answer constitute an admission of the abandonment? G.S. 50-16.8(a), effective 1 October 1967, provides that "the procedure in actions for alimony and actions for alimony pendente lite shall be as in other civil actions."

There is no question but that an answer is required in "other civil actions." "There *shall* be a complaint and an answer." G.S. 1A-1, Rule 7(a). (Emphasis added.) The effect of failure to respond with a required pleading (as here, an answer) is to admit the averments in the complaint. G.S. 1A-1, Rule 8(d). We hold, therefore, that defendant's failure to deny the allegation of abandonment constituted an admission of this fact. Our conclusion is in accord with the decision in *Williams v. Williams*, 13 N.C. App. 468, 186 S.E. 2d 210, where we held as follows:

> "We are of the opinion, and so hold, that in enacting G.S. 50-16.8, the General Assembly changed the procedure to be followed in actions for alimony without divorce from the divorce procedure set forth in G.S. 50-10 to the procedure applicable to *other civil actions*. In *other civil actions*, issues of fact may be determined by the judge if a jury trial is waived by failing to make timely demand pursuant to G.S. 1A-1, Rule 38(b). *Sykes v. Belk*, 278 N.C. 106, 179 S.E. 2d 439. Defendant did not demand a jury

trial in accordance with Rule 38(b) and therefore he waived his right to trial by jury." (Emphasis in original.)

**[2]** Defendant further contends that it was error to sign the judgment as set out in the record without prior entry of default by the Clerk as required by G.S. 1A-1, Rule 55(a) or notice as required by G.S. 1A-1, Rule 55(b)(2). The answer is that, as to the facts of this case, Rule 55 has no application. It is true that plaintiff could have proceeded under that rule at any time after defendant failed to file answer within the required time. Plaintiff did not do so but allowed the case to be regularly scheduled for trial. When the case came on for trial, defendant neither moved for a continuance nor asked the court to permit him to file answer. On the question of abandonment, the court was faced with precisely the same situation it would have faced if defendant had filed answer admitting the abandonment, for defendant's failure to deny the averment of abandonment constituted an admission thereof, Rule 8(d), *supra,* and no proof was required. Although the judgment does contain a recital to the effect that the court was making its finding on the issue of abandonment by way of default, the court was doing nothing more than eliminating an issue admitted by defendant by his failure to deny the same and limiting the trial to matters put in dispute by the pleadings.

Affirmed.

Judges HEDRICK and GRAHAM concur.