PEGGY SELLS MILLER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF WILLIAM HERBERT MILLER v. B. V. BELK, JR., JAMES E. TODD AND JOEL L. KIRKLEY, JR.

No. 7326SC44

(Filed 25 April 1973)

1. Contracts § 25— breach of contract — damages action — sufficiency of complaint

In an action for damages for breach of contract to purchase a laundry and dry cleaning business, plaintiff's complaint was sufficient to state a claim for relief where it contained allegations that by telephone defendant agreed to purchase plaintiff's business, defendant failed to tender the purchase money as agreed, plaintiff gave defendant notice that he was in default on the contract to purchase and plaintiff subsequently sold the business to another purchaser for

substantially less than the contract price; therefore, entry of default was proper where defendant filed no pleading in response to plaintiff's complaint.

2. **Judgments § 13; Rules of Civil Procedure § 55— appearance by defendant — entry of default without notice — error**

Where plaintiff filed an application for an extension of time in which to answer, filed a motion to vacate entry of default, filed a motion to dismiss the complaint and was present for a hearing in superior court on his motion to vacate, he appeared in the action within the meaning of Rule 55(b)(2), and he should have been served with written notice of plaintiff's application for default judgment at least three days prior to the hearing on the application; failure to provide the statutory notice requires that the default judgment be vacated.

3. **Courts § 10— criminal session — default judgment — no notice — error**

In a civil action to recover damages for breach of contract, G.S. 7A-49.2(a) required that defendant be given notice of the hearing on plaintiff's application for default judgment since the hearing was held at a criminal session of superior court.

APPEAL by defendant Joel L. Kirkley, Jr., from order and judgment of *Friday, Judge,* entered at the 17 April 1972 Schedule "B" Civil Session and at the 31 July 1972 Schedule "C" Criminal Session of MECKLENBURG Superior Court.

On 2 December 1971 plaintiff, individually and as administratrix of her deceased husband's estate, instituted this action to recover damages for breach of an alleged contract to sell and purchase a laundry and dry cleaning business. Summons and complaint were served on defendant Kirkley on 8 December 1971.

On 10 January 1972, defendant Kirkley having failed to file any pleading in response to plaintiff's complaint and having failed to obtain an extension of time within which to file pleading, at plaintiff's request, the assistant clerk entered default against said defendant who was serving as his own counsel at the time.

On 18 January 1972, Kirkley filed a motion to vacate the entry of default. A hearing was held on this motion at the 17 April 1972 Schedule "B" Civil Session of Mecklenburg Superior Court. The court made findings of fact, conclusions of law and on 30 May 1972 entered an order denying the motion to vacate the entry of default. Defendant Kirkley excepted to the order. Plaintiff voluntarily dismissed the action as against defendants Belk and Todd on 31 May 1972.

A hearing was held on 4 August 1972 at the 31 July 1972 Schedule "C" Criminal Session to determine whether plaintiff was entitled to a default judgment against defendant Kirkley. In support of her application for default judgment, plaintiff presented evidence as to damages. The court made findings of fact and conclusions of law and by order dated 4 August 1972 decreed that "plaintiff have and recover of the defendant, Joel L. Kirkley, Jr., the sum of $9,355.44 in compensation for the loss in selling price resulting from the default of defendant Joel L. Kirkley, Jr., and that she recover the sum of $35.00 from the defendant Joel L. Kirkley, Jr., as a result of the wrongful charging of a classified telephone advertisement to her," together with interest and costs of the action.

Defendant gave notice of appeal to this court from the judgment dated and filed 4 August 1972 and "from all intermediate orders and rulings in this cause and in particular that Order signed by Judge Friday dated May 30, 1972."

*Gene H. Kendall for plaintiff appellee.*

*John B. Whitley for defendant appellant.*

BRITT, Judge.

Defendant's first principal contention on appeal is that the complaint does not state a claim upon which relief can be granted and that this is necessary to support a default judgment. In determining the sufficiency of a complaint, we are guided by Justice Sharp's discussion on the subject in *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970), as follows:

> Under the "notice theory of pleading" a statement of claim is adequate if it gives sufficient notice of the claim asserted "to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata,* and to show the type of case brought . . . . " Moore § 8.13. "Mere vagueness or lack of detail is not ground for a motion to dismiss." Such a deficiency "should be attacked by a motion for a more definite statement." Moore § 12.08 and cases cited therein.

> In further appraising the sufficiency of a complaint Mr. Justice Black said, in *Conley v. Gibson, supra* at 45-46, "[W]e follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." "This rule," said the Court in *American Dairy Queen Corporation v. Augustyn,* 278 F. Supp. 717, "generally precludes dismissal except in those instances where the face of the complaint discloses some insurmountable bar to recovery." If the complaint discloses an unconditional affirmative defense which defeats the claim asserted or pleads facts which deny the right to any relief on the alleged claim it will be dismissed. Moore § 12.08 summarizes the federal decisions as follows: " 'A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."*

In substance the complaint in the instant case alleges the following: On 13 April 1971 plaintiff duly qualified as administratrix of her deceased husband's estate. Thereafter, plaintiff decided to sell a laundry and dry cleaning business which she and her husband had operated prior to his death. The business was advertised for sale and on 14 June 1971 defendant, as attorney and agent for Belk and Todd, submitted to plaintiff's attorney a written offer to purchase the business for $18,000.00. On 24 June 1971 a written offer of $19,000.00 was made by defendant to plaintiff's attorney. Defendant having been informed that a third party had offered $20,000.00 for the business, defendant made an offer of $20,100.00 by phone on 28 June 1971. This offer was accepted. On 29 June 1971, the offer was submitted in writing to plaintiff's attorney, defendant promising to pay $20,100.00 to plaintiff's attorney by noon on 30 June 1971. Plaintiff's attorney made demand for the purchase price at noon on 30 June 1971, and was told by defendant that the money would be paid at 2:00 p.m. on the same date. When demand was made on defendant at 2:00 p.m., plaintiff's attorney was told to return for the money at 4:00 p.m. on the same day. At 4:00 p.m. on 30 June 1971, acting on his own behalf, defendant executed a check on his trust account in the amount of $20,100.00 and presented it to plaintiff's attorney. The check was returned unpaid by the drawee bank marked

"insufficient funds" and plaintiff has been unable to collect the check.

On 30 June 1971 defendant and Belk went to the business premises and told plaintiff that they had bought her business and instructed her to remove personal belongings from the premises and to notify utility companies to take a final reading and give her a final bill. Defendant further instructed plaintiff to deliver possession of the premises to a woman who would assume operation of the business on 1 July 1971. No woman appeared to assume management of the business on that date.

On 2 July 1971 plaintiff's attorney gave written notice to defendant, personally and as attorney and agent for Belk and Todd, that they were in default of their contract to purchase and that plaintiff would seek legal remedies available to her unless the sale be concluded by 5:00 p.m. on 2 July 1971. Defendants did not perform the contract, and the property was sold to a purchaser for $10,744.56. Plaintiff then prayed that the court award her, among other things, compensation for loss in selling price caused by defendants' default.

[1] We think plaintiff alleged sufficient facts to show a contract between defendant and her for the sale and purchase of the business, defendant's failure to perform the contract, and plaintiff's damages resulting from defendant's default. We hold that the complaint is sufficient to state a claim for relief against defendant Kirkley, and the court did not err in denying his motion to vacate the entry of default.

[2] Defendant contends that the court erred in entering default judgment against him for the reason that he was given no notice of the hearing on plaintiff's application for default judgment. This contention has merit.

Judgments entered must comply with the requirements of the general statutes and the Rules of Civil Procedure. *Hill v. Hill,* 11 N.C. App. 1, 180 S.E. 2d 424 (1971). The default judgment in the instant case was entered pursuant to G.S. 1A-1, Rule 55(b)(2), which provides, among other things, that before judgment by default can be entered by a judge against a party who has *appeared* in the action, that party (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on the application.

Miller v. Belk

Prior to the rendering of the default judgment on 4 August 1972, defendant had "appeared" in this action. On 10 January 1972, although belatedly, he filed an application for an extension of time in which to answer; on 18 January 1972, he filed a motion to vacate the entry of default, and on 17 March 1972, he filed a motion to dismiss the complaint. He was present for a hearing in superior court on his motion to vacate in April 1972. However, defendant was not served with written notice of plaintiff's application for default judgment at least three days prior to the hearing on the application as expressly required by Rule 55(b)(2).

[3] Furthermore, the hearing on plaintiff's application for default judgment was held and the default judgment was entered during the 31 July 1972 Schedule "C" *Criminal* Session of Mecklenburg Superior Court. G.S. 7A-49.2(a) requires that notice must be given before motions in civil actions may be heard at criminal sessions of court. Under G.S. 1A-1, Rule 7, plaintiff's application for default judgment is considered a motion in a civil action.

We hold, therefore, that for failure of plaintiff to provide notice as required, defendant is entitled to have the default judgment of 4 August 1972 vacated.

We have considered the other numerous contentions argued by defendant in his brief and find them without merit.

For the reasons stated, the default judgment is vacated and the cause is remanded to the superior court for further proceedings not inconsistent with this opinion.

The order dated 30 May 1972 is affirmed.

The judgment dated 4 August 1972 is vacated and cause remanded.

Judges CAMPBELL and MORRIS concur.