NANCY CAROL LOVE, PLAINTIFF v. NATIONWIDE MUTUAL INSURANCE COMPANY, DEFENDANT

AND

NATIONWIDE MUTUAL INSURANCE COMPANY, THIRD PARTY PLAINTIFF v. FRANK WILLARD MOORE, THIRD PARTY DEFENDANT

No. 7926SC629

(Filed 4 March 1980)

**1. Rules of Civil Procedure § 4.1— service by publication**

Service of process by publication was not void since the affidavit of publication showed that the newspaper in question, the *Mecklenburg Times,* was one meeting the requirements of G.S. 1-597 and since the affidavit was signed by the "Legal Advertising Manager" of the newspaper, and this constituted an affidavit of an agent of the publisher sufficient to satisfy the requirement of G.S. 1-75.10(2).

**2. Rules of Civil Procedure § 55— non-appearing defendant-entry of default unnecessary**

Entry of default by the clerk was not a prerequisite to plaintiff's obtaining judgment against a non-appearing defendant.

**3. Rules of Civil Procedure § 55; Insurance § 106.1— non-appearing defendant-default judgment—notice to insurer condition precedent to action on judgment**

A trial which results in findings or a verdict against a non-appearing defendant does not take the resulting judgment for the appearing party out of the "default" category within the meaning of G.S. 20-279.21(f)(1) so that plaintiff is not required to give the insurer of assigned risk or Reinsurance Facility individuals notice of actions brought against such person; rather, the giving of such notice is a condition precedent to maintaining a subsequent action against the insurer on the judgment, and plaintiff's failure to provide that notice in this action operated as a bar to her action against defendant insurer.

APPEAL by plaintiff from *Hairston, Judge.* Judgment entered 12 May 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 30 January 1980.

*John D. Warren for plaintiff appellant.*

*Kennedy, Covington, Lobdell & Hickman, by William C. Livingston, for defendant appellee.*

WELLS, Judge.

In this suit the plaintiff seeks recovery against the defendant insurance company to collect on a previous money judgment

entered against defendant's insured, Frank Willard Moore. The parties agree as to the essential facts presented in this action.

On 30 October 1970 plaintiff was injured in an automobile accident when her vehicle collided with a 1956 Chevrolet automobile driven by a man the police identified as Frank *William* Moore. Sometime prior to 29 September 1972, plaintiff's attorney contacted defendant's office and advised one of defendant's adjustors that he was representing plaintiff and that he wished to make a claim on her behalf as a result of the accident. The parties corresponded with one another over the possibility of a settlement of the claim, although defendant never informed plaintiff's counsel that the middle name of its insured was Willard rather than William.

The claim was never settled and on 29 October 1973 plaintiff filed a complaint against Frank *William* Moore in Mecklenburg County. The summons and later an alias and pluries summons directed to Frank *William* Moore were returned unserved. Plaintiff also attempted to effectuate service of process by publication. On 30 April 1975 the 1973 action came on for trial, and the plaintiff, waiving a jury trial, presented her evidence. The defendant Frank *William* Moore failed to appear, and the court entered judgment for the plaintiff in the sum of $8,000 for personal injuries and $1,395.58 for property damage and for the loss of the use of the vehicle. Counsel for the plaintiff did not at any time prior to obtaining judgment against defendant Frank *William* Moore forward to defendant Nationwide, by registered or certified mail with return receipt requested, or serve Nationwide by any other method of service provided by law, a copy of the summons, complaint or other pleadings filed in the action. Furthermore, Nationwide was not notified of the action by its insured, Frank *Willard* Moore.

On 31 May 1977 plaintiff filed a complaint against defendant Nationwide to collect on its judgment against Frank *William* Moore. Nationwide answered, denying it had issued a policy to one Frank *William* Moore. Nationwide impleaded Frank *Willard* Moore, alleging that he was its insured on the date of plaintiff's accident, that he had violated the terms of the policy by failing to notify Nationwide of the action, and that he would be liable to Nationwide for any amount Nationwide was found to be liable to

plaintiff. Nationwide obtained entry of default against Frank Willard Moore on its third-party complaint for his failure to plead or defend.

The trial court found that the person involved in the accident with plaintiff was defendant's insured, Frank *Willard* Moore, and entered the following conclusions of law:

1. The Court which entered the Judgment in the 1973 action did not have jurisdiction over the person of Frank Willard Moore since service in that case was not sufficient in that the affidavit of publication does not on its face show that it was executed by a person listed in G.S. § 1-75.-10(2). The judgment entered in the 1973 action is, therefore, void.

2. No appearance having been made by the defendant in the 1973 action, plaintiff was obligated to comply with the provisions of G.S. 1A-1, Rule 55. Plaintiff failed to comply with said provisions; therefore, the judgment entered in the 1973 action is void. HILL v. HILL, 11 N.C. App. 1, 180 SE [2d] 424 (1971).

3. The defendant has raised the question before this court of the constitutionality of the manner in which service of process was purported to be effected in this case and while it is not necessary for a resolution of this case that the Court resolve that issue, the Court has considered the issue and concludes that if the affidavit of publication referred to in Conclusion of Law #1 had been prepared in accordance with statute, the exercise of jurisdiction over the person of Frank Willard Moore based on service by publication in this case would have been constitutional.

Upon his conclusions, Judge Hairston entered judgment as follows:

1. That the judgment entered in civil action number 73 CvS 15328 (the 1973 action) is void and of no force and effect and cannot be enforced against the defendant in this action.

2. That this action is dismissed with prejudice.

Subsequent to entry of judgment, Nationwide filed a request for additional conclusions of law. The trial court, in its discretion, denied the request.

[1]  The first question we deal with is whether service of process in the 1973 case was void. We hold that it was not, and that Judge Hairston's conclusion on that aspect of this case was in error. In *Philpott v. Johnson*, 38 N.C. App. 380, 247 S.E. 2d 781 (1978) we held that an affidavit by an agent of the publishing corporation met the requirements of G.S. 1-75.10(2). There is no showing in the case before us whether or not the publisher (*Mecklenburg Times*) is a corporation. The affidavit of publication does show, however, that the newspaper was one meeting the requirements of G.S. 1-597. The affidavit was signed by the "Legal Advertising Manager" of the newspaper. We hold that this constitutes an affidavit of an agent of the publisher sufficient to satisfy the requirement of G.S. 1-75.10(2).

[2]  We next address the question of whether, on the facts of this case, the judgment in the 1973 action is void by reason of the plaintiff's failure to comply with the provisions of G.S. 1A-1, Rule 55. We hold that it was not, and that Judge Hairston's conclusion in this respect is in error. In reaching this conclusion, Judge Hairston obviously relied on our holding in *Hill v. Hill*, 11 N.C. App. 1, 180 S.E. 2d 424 (1971), *cert. denied*, 279 N.C. 348, 182 S.E. 2d 580 (1971). In *Hill*, we held that the entry of default by the clerk was invalid because of failure to meet the requirements of G.S. 1-75.11(1). We did not hold that Rule 55 was the exclusive procedure for obtaining judgment against a non-appearing party. In *Whitaker v. Whitaker*, 16 N.C. App. 432, 192 S.E. 2d 80 (1972) we held that an entry of default under Rule 55(a) is not a prerequisite to obtaining a judgment against a defendant who has not answered, but does appear at the trial. Based upon the facts in the case before us, it is *Whitaker* which controls, not *Hill*—entry of default by the clerk is not a prerequisite to obtaining judgment against a non-appearing defendant. Plaintiff had the option to bypass entry of default and proceed to trial.

Nationwide argues that whatever the result with respect to the questions raised under G.S. 1-75.10 and Rule 55, the judgment plaintiff obtained in the 1973 case is a default judgment within the meaning of G.S. 20-279.21(f)(1), and was unenforceable against defendant Nationwide because plaintiff did not give Nationwide notice of the 1973 action prior to judgment. This statute provides:

> *** As to policies issued to insureds in this State under the assigned risk plan or through the North Carolina Vehicle

Reinsurance Facility, a default judgment taken against such an insured shall not be used as a basis for obtaining judgment against the insurer unless counsel for the plaintiff has forwarded to the insurer, or to one of its agents, by registered or certified mail with return receipt requested, or served by any other method of service provided by law, a copy of summons, complaint, or other pleadings, filed in the action. . . .

Counsel for plaintiff did not furnish or attempt to furnish to Nationwide a copy of the summons or complaint filed in this case.

[3] This is a question of first impression before our courts. In order for us to resolve the question, we must construe the meaning of the term "default judgment" as used in the statute. Plaintiff argues that she was not required to obtain a default judgment and could ignore the procedural requirements of Rule 55, and proceed to trial on all issues. Defendant argues that a trial which results in findings or a verdict against a non-appearing defendant does not take the resulting judgment for the appearing party out of the "default" category within the meaning of G.S. 20-279.21(f)(1). We agree with defendant. Our cardinal rule of statutory construction is to ascertain and effectuate the intent of the General Assembly. *Investors, Inc. v. Berry*, 293 N.C. 688, 239 S.E. 2d 566 (1977). It seems obvious that a manifest purpose of G.S. 20-279.21(f)(1) is to require the plaintiff to give the insurer of assigned risk or Reinsurance Facility individuals notice of actions brought against such persons so that the insurer may protect its interests.

We therefore hold that "default judgment", as this term is used in the statute, must be construed so as to include all judgments obtained where an insured person falling within the provisions of G.S. 20-279.21(f)(1) has not timely filed a responsive pleading or has otherwise made himself *subject to* a Rule 55 default. The burden which our holding places on plaintiff's counsel, to inquire into the insurance status of the defendant and in appropriate cases notify the insurer, is slight compared to the damage which could result to the insurer if it is effectively foreclosed from defending against the action. The giving of such notice is a condition precedent to maintaining a subsequent action against the insurer on the judgment, and the plaintiff's failure to

provide that notice here operates as a bar to her action against Nationwide. Under the facts stipulated by the parties, plaintiff has shown no right to relief.

Our holding makes it unnecessary for us to reach defendant's other cross-assignments of error. That portion of the judgment entered by the court below decreeing that the judgment in civil action No. 73CVS15328 (*Nancy Carol Love v. Frank William Moore*) to be void and of no force and effect is reversed. That portion of the judgment below dismissing this action is affirmed.

Reversed in part and affirmed in part.

Judges MARTIN (Robert M.) and ERWIN concur.