G & M SALES OF EASTERN NORTH CAROLINA, INC. v. WILLIAM F. BROWN

No. 828DC1180

(Filed 18 October 1983)

1. **Rules of Civil Procedure § 55— entry of default and default judgment before time to answer expired**

    The clerk of court was without authority to make an entry of default and to enter a default judgment one day before the time to answer had expired. G.S. 1A-1, Rule 55.

2. **Rules of Civil Procedure § 55— filing of motion—correspondence between counsel—no filing of pleading which would prohibit entry of default**

    Defendant's filing of a motion to set aside an entry of default and a default judgment and correspondence between counsel for both parties did not constitute the filing of a pleading within the purview of G.S. 1A-1, Rule 55(a) which would prohibit the clerk from subsequently making another entry of default.

APPEAL by defendant from *Jones (Arnold O.), Judge*. Judgment entered 23 September 1982 in District Court, WAYNE County. Heard in the Court of Appeals 29 September 1983.

The following facts are not controverted. This is a civil action in which plaintiff seeks to recover $6,842.57 with interest for merchandise delivered to defendant on an open account. This action was filed and summons issued on 12 February 1982. Defendant was served with the complaint and summons on 18 February 1982. On 19 March 1982, twenty-nine days later, the Clerk of

Superior Court filed an entry of default and a default judgment against defendant for his failure to answer. On 19 August 1982, at 2:51 p.m., defendant filed a motion to strike the entry of default and default judgment of 19 March. That same day at 2:54 p.m. plaintiff successfully sought a second entry of default. On 26 August 1982 defendant moved for dismissal of the second entry of default and filed a proposed answer. After a hearing on defendant's motions to set aside the 19 March entry and judgment of default and to dismiss the 19 August entry of default, the trial court entered an order denying both motions. From that order defendant appealed.

*Taylor, Warren, Kerr & Walker, by David E. Hollowell for the plaintiff, appellee.*

*Wells, Blossom & Burrows, by Richard L. Burrows, and Phillips & Phillips, by David T. Phillips, for the defendant, appellant.*

HEDRICK, Judge.

[1] Defendant first argues that the court erred in denying his motion to set aside the entry of default and default judgment entered on 19 March 1982. We agree. Rule 55 of the North Carolina Rules of Civil Procedure, in pertinent part, provides:

(a) Entry. When a party against whom a judgment for affirmative relief is sought *has failed to plead* . . . the clerk shall enter his default.

(b) Judgment. . . .

(1) By the Clerk.—When the plaintiff's claim against a defendant is for a sum certain . . . the clerk upon request of the plaintiff . . . shall enter judgment for that amount and costs against the defendant, if he has been defaulted *for failure to appear.* . . .

(Emphasis added.) All parties recognize that the entry of default and default judgment dated 19 March 1982 were entered one day before the time to answer had expired. Thus the Clerk was without authority to make an entry of default and enter a default judgment on 19 March 1982, and the same are nullities.

Finally, defendant contends the court erred in denying his motion to set aside the "second entry of default" dated 19 August 1982. Defendant argues that since plaintiff made a motion on 19 August 1982 for the entry of default in question, he was entitled to five days notice pursuant to Rule 6(d) of the North Carolina Rules of Civil Procedure, which provides: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than five days before the time specified for the hearing. . . ." Clearly, the motion in question "may be heard ex parte." Thus the rule relied on by defendant is inapplicable.

[2]    Defendant next argues that the Clerk was without authority to make an entry of default on 19 August because defendant had filed a pleading within the meaning of Rule 55(a) of the North Carolina Rules of Civil Procedure. Citing *Peebles v. Moore*, 302 N.C. 351, 275 S.E. 2d 833 (1981) and *Miller v. Belk*, 18 N.C. App. 70, 196 S.E. 2d 44 (1973), defendant argues that his lawyer's correspondence with plaintiff's counsel, together with his motion to set aside the entry of default and default judgment dated 19 March 1982, constituted a pleading within the meaning of the Rule; defendant then argues that he was thus entitled to notice within the meaning of Rule 55(a) because he had made an appearance.

The cited cases are clearly distinguishable on the critical point of whether defendant had filed a pleading within the meaning of Rule 55(a). The filing of a motion to set aside the entry of default and default judgment dated 19 March 1982 and the correspondence between counsel clearly do not amount to the filing of an answer within the meaning of the Rule. While it is uncontroverted that defendant had made an appearance in the action, this fact is of no significance in determining whether he was entitled to notice of plaintiff's motion for an entry of default under Rule 55(a). It is only in reference to entry of a default judgment, under Rule 55(b), that a party's appearance entitles him to notice. Since defendant had not filed an answer within the time prescribed by Rule 12, the Clerk had authority to make an entry of default on 19 August 1982, and the court did not err in denying defendant's motion to set it aside.

The result is: that portion of the order denying defendant's motion to set aside the entry of default and default judgment dated 19 March 1982 is reversed; that portion of the order denying defendant's motion to set aside the entry of default dated 19 August 1982 is affirmed; the cause is remanded to the District Court for further proceedings.

Reversed in part, affirmed in part, and remanded.

Judges WEBB and HILL concur.