GRANT POWELL, PLAINTIFF v. FIRST UNION NATIONAL BANK AND MELANIE POWELL, ADMINISTRATRIX OF THE ESTATE OF CASEY POWELL, JR., DEFENDANT AND INTERVENOR/DEFENDANT

No. 894SC728

(Filed 17 April 1990)

1. **Banks and Banking § 4 (NCI3d) — joint savings account — survivorship agreement not signed**

    The trial court did not err by granting summary judgment for a bank and an administratrix on the issue of whether a bank account was a joint savings account with the right of survivorship where the materials showed without contradiction that, although plaintiff and decedent intended to establish

a joint bank account with the right of survivorship, decedent died before signing the agreement. N.C.G.S. § 41-2.1.

**Am Jur 2d, Banks §§ 369 et seq.**

2. **Banks and Banking § 4 (NCI3d) — joint account — presumption of equal ownership — rebutted**

   The trial court did not err by granting summary judgment for defendants on plaintiff's contention that he was entitled to have the funds in a joint bank account where plaintiff designated himself as codepositor in opening the account; the law presumes equal ownership of such joint accounts; and materials of record show without contradiction that the funds deposited were entirely those of decedent.

**Am Jur 2d, Banks §§ 369 et seq.**

3. **Rules of Civil Procedure § 56.4 (NCI3d) — decedent's property — claim of ownership — assertion of ownership in administratrix's counterclaim — no reply — summary judgment for administratrix**

   In an action in which plaintiff sought ownership of certain items of personal property from the administratrix of an estate, plaintiff's affidavit claiming ownership was irrelevant to the case and summary judgment was properly granted for the administratrix where the only mention of the items of personal property in the pleadings was in the administratrix's counterclaim asserting that they belonged to her intestate, and that claim was not responded to by plaintiff.

**Am Jur 2d, Summary Judgment §§ 35, 36.**

APPEAL by plaintiff from order entered 6 April 1989, *nunc pro tunc* 3 April 1989, by *McLelland, Judge,* in SAMPSON County Superior Court. Heard in the Court of Appeals 17 January 1990.

*Prince E. N. Shyllon for plaintiff appellant.*

*Benjamin R. Warrick for defendant intervenor appellee Melanie Powell.*

PHILLIPS, Judge.

Plaintiff's action seeking the release of funds held in a savings account titled in his name and that of the decedent, Casey Powell, Jr., his nephew, was dismissed by an order of summary judgment.

POWELL v. FIRST UNION NAT. BANK

[98 N.C. App. 227 (1990)]

The only question presented by the appeal is whether the materials before the court raise an issue of fact as to the bank account involved being a joint savings account with the right of survivorship. We hold that no such issue is raised and affirm the order.

[1]  G.S. 41-2.1, the only authority for creating a joint bank account with the right of survivorship, provides as follows:

> (a) A deposit account may be established with a banking institution in the names of two or more persons, payable to either or the survivor or survivors, with incidents as provided by subsection (b) of this section, when both or all parties have signed a written agreement, either on the signature card or by separate instrument, expressly providing for the right of survivorship.

In substance, the materials of the parties show without contradiction that though plaintiff and Casey Powell, Jr. intended to establish a joint savings account with the right of survivorship, Casey Powell, Jr. died before signing the agreement. Since the statutory terms for creating a survivorship account were not complied with, plaintiff's action has no basis.

[2]  Nor is there any basis for plaintiff's contention that in any event he is entitled to half the funds since in opening the account he designated himself as a co-depositor and the law presumes equal ownership of such joint accounts. This presumption is rebuttable, however, and the materials of record show without contradiction that the funds deposited were entirely those of Casey Powell, Jr. *McAulliffe v. Wilson*, 41 N.C. App. 117, 254 S.E.2d 547 (1979).

[3]  Plaintiff's further argument that an issue of fact exists as to the ownership of certain items of personal property that he was ordered to turn over to defendant administratrix is likewise without basis. The only mention of those items in the pleadings is in the administratrix's counterclaim—not responded to by plaintiff—in which she asserted that they belonged to her intestate. That fact having been adjudicated against plaintiff by his failure to plead to the counterclaim, his affidavit claiming ownership is irrelevant to the case. *Hill v. Hill*, 11 N.C. App. 1, 180 S.E.2d 424, *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971).

Affirmed.

Judges EAGLES and ORR concur.