LESTER McILWAINE, Plaintiff v. KENNETH T. WILLIAMS, Defendant

No. COA02-103

(Filed 31 December 2002)

**Judgments—default—motion to set aside—premature entry of default**

The trial court abused its discretion in a personal injury case arising out of an automobile accident by denying defendant's motion to set aside a default judgment in an action where both parties agree that the entry of default against defendant was premature and therefore invalid, because: (1) the default judgment was predicated entirely on the invalid entry of default; (2) plaintiff did not obtain a judgment against defendant through trial on the matter but instead proceeded against defendant under N.C.G.S. § 1A-1, Rule 55 which required plaintiff to abide by the procedural requirements of obtaining a default judgment under Rule 55 that necessitates a valid entry of default; and (3) the trial court lacked authority to enter default judgment against defendant when jurisdiction over defendant in the instant case was never conclusively established.

Appeal by defendant from order entered 16 October 2001 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 October 2002.

*Price Smith Hargett Petho and Anderson, by Douglas A. Petho, for plaintiff appellee.*

*Golding Holden Pope & Baker L.L.P., by John E. Spainhour, for defendant appellant.*

TIMMONS-GOODSON, Judge.

Kenneth T. Williams ("defendant") appeals from an order of the trial court denying his motion to set aside a default judgment entered against him. For the reasons set forth herein, we reverse the order of the trial court.

The pertinent facts of this appeal are as follows: On 23 March 2001, Lester McIlwaine ("plaintiff") filed an unverified complaint against defendant in Mecklenburg County Superior Court seeking unspecified damages for personal injuries he allegedly suffered when defendant's automobile struck plaintiff. Plaintiff served defendant with a civil summons and a copy of the complaint on 4 April 2001. On 4 May 2001, counsel for plaintiff filed an affidavit stating that, "[s]ince the filing of the Complaint and the issuance of the Summons and service of the Summons, the Defendant has not answered, appeared or otherwise [pled] or defended as required by law." The affidavit further averred that, as defendant had failed to respond to the complaint, entry of default should be entered against him. Plaintiff obtained an entry of default against defendant later that same day. On 23 July 2001, the trial court entered a default judgment against defendant in the amount of seventy thousand dollars.

On 17 August 2001, defendant filed an answer to plaintiff's complaint in which he raised the defenses of contributory negligence, unavoidable accident and sudden emergency. On 23 August 2001, defendant filed a motion to set aside the entry of default and default judgment pursuant to Rules 55(d) and 60(b) of the North Carolina Rules of Civil Procedure. As grounds for setting aside the entry of default and default judgment, defendant argued that the entry of default was entered prematurely and was thus invalid. Specifically, defendant contended that the entry of default was entered prior to 5:00 p.m. on 4 May 2001, which was the deadline for defendant to file his answer. Because the entry of default was premature and therefore erroneously entered, the subsequent default judgment was equally

invalid. Thus, argued defendant, the entry of default and resulting default judgment should be set aside.

Defendant's motion to set aside the entry of default and default judgment came before the trial court on 1 October 2001. Upon considering the evidence and arguments by counsel, the trial court found that the entry of default was premature because it was entered prior to the expiration of time granted to defendant to file his answer. The trial court further found, however, that "under Rule 55 . . . an Entry of Default is not a prerequisite to a Default Judgment." Finding that defendant failed to show adequate grounds for mistake, inadvertence, surprise or neglect as required under Rule 60, the trial court concluded that, although defendant was entitled to have the entry of default set aside, there were no grounds upon which to set aside the default judgment. The trial court therefore entered an order granting defendant's motion to set aside the entry of default, but denying the motion to set aside the default judgment. From this order, defendant appeals.

The issue on appeal is whether the trial court erred in denying defendant's motion to set aside the default judgment. Because we conclude that the default judgment was predicated upon an invalid entry of default, we hold that the trial court erred in failing to set aside the default judgment.

Default under Rule 55 of the North Carolina Rules of Civil Procedure is a two-step process requiring (1) the entry of default and (2) the subsequent entry of a default judgment. *See State Employees' Credit Union, Inc. v. Gentry,* 75 N.C. App. 260, 264-65, 330 S.E.2d 645, 648 (1985); *see also Strauss v. Hunt,* 140 N.C. App. 345, 348, 536 S.E.2d 636, 638 (2000) (noting that the obtaining of a judgment by default involves a two-step process). When default is entered, the substantive allegations raised by a complaint are no longer at issue because they are deemed admitted. *See Bell v. Martin,* 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980); *State Employees' Credit Union, Inc.,* 75 N.C. App. at 265, 330 S.E.2d at 648. Thus, in the instant case, the entry of default conclusively established defendant's liability to plaintiff. *See State Employees' Credit Union, Inc.,* 75 N.C. App. at 265, 330 S.E.2d at 648. The parties agree, however, and the trial court so found, that entry of default against defendant was premature and therefore invalid. The trial court nevertheless concluded that the subsequent default judgment against defendant should not be set aside. This conclusion was error.

The default judgment against defendant stated that the grounds for entering the default were that (1) "Defendant is not under disability and has failed to plead or appear in the time allowed by law" and that (2) "default has been entered." It is uncontroverted that the entry of default was entered prematurely. Once the entry of default was entered, the substantive allegations within the complaint were deemed admitted. Thus, defendant did not receive the full time period allowed by law to defend himself in this action. The first ground justifying the default judgment is baseless, as the opportunity for defendant to plead or otherwise appear was cut short by the premature entry of default. The second ground justifying the default judgment was that default had been entered. As the entry of default was erroneous, however, it cannot support the default judgment. Because the default judgment was predicated entirely on the invalid entry of default, the default judgment cannot stand and must be vacated. The trial court therefore erred in concluding that the default judgment should not be set aside.

Plaintiff argues that the trial court was correct in declining to set aside the default judgment because "an entry of default by the clerk is not a prerequisite to obtaining judgment against a non-appearing defendant." *Love v. Insurance Co. and Insurance Co. v. Moore,* 45 N.C. App. 444, 447, 263 S.E.2d 337, 339, *disc. review denied,* 300 N.C. 198, 269 S.E.2d 617 (1980). In *Love,* rather than following the procedures set forth under Rule 55, the plaintiff proceeded directly to trial against the non-appearing defendant. On appeal, the defendant argued that the judgment obtained against it was void by reason of the plaintiff's failure to comply with Rule 55. This Court rejected the defendant's argument, stating that the plaintiff "had the option to bypass entry of default and proceed to trial." *Id.* at 447, 263 S.E.2d at 339. In reaching its decision, the *Love* Court relied upon *Whitaker v. Whitaker,* 16 N.C. App. 432, 192 S.E.2d 80 (1972), in which the Court held that the plaintiff did not have to proceed under Rule 55, but could obtain a valid judgment against the non-appearing defendant through a regularly scheduled trial of the matter. *Id.* at 434, 192 S.E.2d at 81. Because the plaintiff did not proceed under Rule 55, but rather procured judgment against the defendant through a trial, the Court held that the requirements of Rule 55 had "no application" to the case. *Id.*

In the case at bar, plaintiff maintains that *Love* and *Whitaker* support his contention that the default judgment entered against defendant was validly entered, despite the invalid entry of default. We do not

agree. Unlike the plaintiffs in *Love* and *Whitaker*, plaintiff did not obtain a judgment against defendant through trial of the matter, but instead proceeded against defendant under Rule 55. As such, plaintiff was bound to abide by the procedural requirements of obtaining a default judgment under Rule 55, which first necessitates a valid entry of default. *See Hill v. Hill*, 11 N.C. App. 1, 10-11, 180 S.E.2d 424, 430 (affirming the trial court's order vacating the default judgment against the defendant where entry of default was improper), *cert. denied*, 279 N.C. 348, 182 S.E.2d 580 (1971); *see also G & M Sales v. Brown*, 64 N.C. App. 592, 593, 307 S.E.2d 593, 594 (1983) (holding that, where entry of default and a default judgment were premature and therefore entered without authority, such entry and judgment were "nullities" and could not be enforced).

"For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen. Stat. § 1A-1, Rule 55(d) (2001). Under Rule 60(b), a judgment may be set aside where "a prior judgment upon which it is based has been reversed or otherwise vacated." N.C. Gen. Stat. § 1A-1, Rule 60(b)(5) (2001). Here, the default judgment was entirely predicated upon an invalid entry of default that was vacated by the trial court. Under these facts, the invalid entry of default rendered the subsequent default judgment equally invalid. The trial court therefore abused its discretion in denying defendant's motion to set aside the default judgment.

We further note that "personal jurisdiction over a nonappearing defendant for the purpose of the entry of a judgment by default is not presumed by the service of summons and an unverified complaint but must be proven and appear of record as required by G.S. 1-75.11." *Hill*, 11 N.C. App. at 8-9, 180 S.E.2d at 429. In the present case, plaintiff's complaint was unverified. Although plaintiff filed an affidavit in connection with the case, the affidavit sets forth no grounds for jurisdiction over defendant. Under Rule 60(b)(4), a defendant "may be relieved from a final judgment, including a default judgment, if the judgment is void." *Gibby v. Lindsey*, 149 N.C. App. 470, 473, 560 S.E.2d 589, 591 (2002); N.C. Gen. Stat. § 1A-1, Rule 60(b)(4). A judgment is void where the trial court lacks jurisdiction over the parties. *See Barton v. Sutton*, 152 N.C. App. 706, 708, 568 S.E.2d 264, 265-66 (2002). Because jurisdiction over defendant in the instant case was never conclusively established, the trial court lacked authority to enter the default judgment against him. The trial court therefore abused its discretion in failing to set aside the default judgment.

In conclusion, we hold that the trial court erred in denying defendant's motion to set aside the default judgment. In light of our holding, we need not address defendant's remaining assignments of error. The order of the trial court is hereby

Reversed and remanded.

Judges HUDSON and CAMPBELL concur.