EDNA GASPERSON, EMPLOYEE, PLAINTIFF v. BUNCOMBE COUNTY PUBLIC
SCHOOLS, EMPLOYER; PHOENIX ASSURANCE COMPANY OF N.Y., CAR-
RIER; DEFENDANTS

No. 8010IC928

(Filed 19 May 1981)

**Master and Servant § 72— workers' compensation—injury to hip as injury to leg
—scheduled injury**

> There was no merit to plaintiff's contention that an injury to her hip could
> not be considered an injury to the leg, which is a "scheduled injury" under
> G.S. 97-31, and that she was entitled to compensation for total permanent
> disability under G.S. 97-29 rather than compensation for a 60% permanent par-
> tial disability in light of medical testimony that she "will never be able to per-
> form routine household tasks" and that she will be "unable to work in any job
> situation."

APPEAL by plaintiff from the Opinion and Award of the In-
dustrial Commission filed 9 July 1980. Heard in the Court of Ap-
peals 7 April 1981.

In this worker's compensation proceeding, plaintiff seeks a
determination by the Industrial Commission of the degree of her
disability resulting from an injury suffered by plaintiff during the
course of her employment with the Buncombe County Public
Schools. The Industrial Commission made pertinent findings
which, except where quoted, are summarized as follows:

Plaintiff sustained an injury by accident arising out of and in
the course of her employment with defendant employer when she
fell and fractured her right hip on 26 January 1976. Plaintiff, six-
ty years old and with an eighth grade education, was employed as
a substitute school lunch room worker.

Dr. Turner, a specialist in orthopedic surgery, first saw plain-
tiff on 26 January 1976 for "intertrochanteric fracture of the right
hip." Following "open reduction and internal fixation," plaintiff
was discharged 14 February 1976. Dr. Turner continued to follow
plaintiff, who "underwent pin removal in July 1976 and head and
neck prosthesis placement in October 1976." When Dr. Turner
saw plaintiff on 10 November 1977, plaintiff's "hip range of mo-
tion was fairly good but not normal and was less than it had been
on her last several visits." Dr. Turner is of the opinion that plain-
tiff "had then reached maximum medical improvement" and on 22

November 1977, he "rated her as having 60% permanent partial disability of the right lower extremity," with that rating based upon "pain, shortening of the leg, deformity, loss of motion and inability to ambulate without a walker." Dr. Turner continued to see plaintiff, and last saw her 21 December 1978 when she "primarily complained of pain in the right hip and right thigh." Dr. Turner's examination at that time revealed no change in plaintiff's condition, and he is "of the opinion that there was essentially no change in her condition since November 22, 1977 and that she remains rated with a 60% permanent partial disability of the right lower extremity." Dr. Turner is further of the opinion that plaintiff is "unable to walk without a walker," that she "cannot perform work involving being on her feet, carrying or lifting," and that "the hip is an integral part of the right lower extremity."

Plaintiff was also evaluated by Dr. Lincoln, a specialist in orthopedics, who saw plaintiff on 29 December 1977. His examination revealed, among other things,

> inability to ambulate without a walker, distinct antalgic gait, a two and a half inch limb length discrepancy on the right, tenderness about the healed hip incision, hip flexion to 75 degrees, full extension, 15 degrees of internal rotation, 15 degrees of external rotation, abduction to 45 degrees with discomfort at attempted motion beyond this and distinct right thigh and calf atrophy.

X-rays showed

> placement of a head and neck prosthesis with marked collapse and penetration of the prosthethic component within the femur, subsequent shortening, prosthesis in apparent satisfactory position with reference to the acetabulum and no apparent tendency towards dislocation.

Dr. Lincoln is of the opinion that plaintiff "has 60% disability of the right lower extremity and in all likelihood she will never be able to perform routine household tasks" nor "work in any job situation."

The Commission then "found" as follows:

> 17. As of November 1978, plaintiff continued to experience right hip pain for which she is on medication. [S]he

is unable to stoop, can bend some and is not able to ambulate well without a walker.

18. As a result of the injury giving rise hereto, plaintiff was temporarily totally disabled from January 27, 1976 to November 10, 1977, at which time she reached maximum medical improvement.

19. As a result of the injury giving rise hereto, plaintiff has 60% permanent partial disability of the right leg due to antalgic gait, inability to ambulate without a walker, limb length discrepancy, tenderness, limited hip motion and thigh and calf atrophy on the right as well as pain in the thigh and hip on the right and x-ray findings. The hip is an integral part of the right lower extremity, which is commonly known as the leg. All of plaintiff's disabilities as a result of the injury giving rise hereto relate to her right leg.

. . .

The Commission determined that "plaintiff has sustained no disability to any portion of the body other than a scheduled injury under G.S. 97-31," and made the following pertinent "conclusions of law":

2. As a result of the injury giving rise hereto, plaintiff was temporarily totally disabled from January 27, 1976 to November 10, 1977, at which time she reached maximum medical improvement. Inasmuch as defendant carrier has paid plaintiff compensation at the rate of $20.00 per week from January 27, 1976 to February 27, 1978, defendants are entitled to a credit of 15 5/7th weeks of compensation payments. G.S. 97-29 and G.S. 97-42.

3. As a result of the injury giving rise hereto, plaintiff retains 60% permanent partial disability of the right leg for which she is entitled to compensation at the rate of $20.00 per week for 120 weeks, less a credit of 15 5/7th weeks of compensation at the rate of $20.00 per week. G.S. 97-31 (15) and (19) and G.S. 97-42.

The Commission then rendered its award providing that "[d]efendants shall pay plaintiff compensation at the rate of $20.00 per week for 104 2/7th weeks beginning November 10, 1977" and

Gasperson v. Buncombe County Schools

further providing that (1) an attorney's fee of $600 shall be deducted from the compensation awarded to plaintiff and given to plaintiff's counsel; and (2) defendants shall pay all medical expenses incurred as a result of the injury to plaintiff. Plaintiff appealed.

*Stephen Barnwell, for the plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, by Russell P. Brannon, for the defendants appellees.*

HEDRICK, Judge.

Plaintiff assigns error to the "conclusion" of the Commission that "plaintiff retains 60% permanent partial disability of the right leg;" the Commission's "awarding plaintiff compensation for 104 2/7th weeks;" the "conclusion" of the Commission that "plaintiff has sustained no disability to any portion of the body other than a scheduled injury under G.S. 97-31;" and the action of the Commission in "affirming the decision of the Hearing Commissioner." These assignments of error raise only the question of whether the facts found support the conclusions made by the Commission. None of the findings of fact made by the Commission are challenged, nor could they be, since none of the evidence presented at the hearing before the Commission was reproduced in the record before us. Therefore, the findings of fact are presumed to be supported by competent evidence, and the findings are conclusive on appeal. *Webb v. James*, 46 N.C. App. 551, 265 S.E. 2d 642 (1980).

Plaintiff's sole argument on appeal is that an injury to the "hip" cannot be considered an injury to the "leg," which is a "scheduled injury" under G.S. § 97-31, and which would limit plaintiff to compensation under that section. Instead, she contends, the injury to her hip, in light of the medical testimony that she "will never be able to perform routine household tasks" and that she will be "unable to work in any job situation," is such that she would be entitled to compensation for total permanent disability under G.S. § 97-29. We do not agree. While many of the Commission's "findings of fact" are merely a recital of the doctor's opinions, the findings by the Commission that "[t]he hip is an integral part of the right lower extremity, which is commonly known as the leg," and that "plaintiff has 60% permanent par-

tial disability of the right leg" vitiates this contention. The findings of fact made by the Commission support its conclusion, which in turn support its Opinion and Award filed 9 July 1980.

Affirmed.

Judges ARNOLD and WEBB concur.