A. TURNER WEBB AND ANNIE L. WEBB v. MARSHALL P. JAMES, JR., R. M. McEACHIN AND G. A. SMITH D/B/A SCOTLAND MOBILE HOME PARK DEVELOPMENT

No. 7916SC916

(Filed 6 May 1980)

1. Trial § 3.2— continuance—absent defendant—motion properly denied

Defendants failed to show sufficient grounds to require granting of their motion for continuance where the motion was unsupported by affidavit; defendants contended in their oral motion that one defendant was unavailable for an evidentiary hearing due to a previous commitment related to his profession; and, though argued in the brief that only the absent defendant could testify to circumstances surrounding a check in question, there was no evidence to this effect in the record.

2. Rules of Civil Procedure § 43— hearing on motion for relief from judgment—evidence limited to oral testimony

Defendants failed to show that the trial judge abused his discretion in directing that an evidentiary hearing on defendants' motion for relief from default judgment should be heard wholly on oral testimony. G.S. 1A-1, Rule 43(e).

3. **Rules of Civil Procedure § 55.1; Appearance § 1.1— negotiation of continuance as appearance—setting aside default judgment proper**

In an action to recover for breach of contract for the construction of a mobile home park, defendant made an appearance when he negotiated continuance of the action in order to gain time to comply with the contract; therefore, the trial court's action in voiding the prior default judgment entered by the clerk was proper both on the ground that defendant had appeared and on the ground that plaintiff's claim was not for a sum certain or for a sum which could by computation be made certain.

4. **Rules of Civil Procedure § 55.1— entry of default—refusal to set aside—no abuse of discretion**

In an action to recover for breach of a contract to construct a mobile home park, the trial court did not abuse his discretion in failing to set aside entry of default where defendant presented no evidence of the activity of an attorney on their behalf and no evidence of an accord and satisfaction, both of which they had cited in support of good cause; contrary to an accord and satisfaction, the trial court found that a check was given to plaintiffs on 7 July 1977 as the *quid pro quo* for plaintiff's agreement to continue the cause until the next term of court; and although this agreement may have been good cause for defendant's default from the time of the agreement until the next term of court, no evidence was presented showing good cause from the expiration of that agreement to the entry of default on 8 November 1978.

5. **Rules of Civil Procedure § 55.1— motion to set aside default—jurisdiction of court to enter default judgment**

When defendants made a motion to set aside the clerk's entry of default and default judgment, the trial court was not limited to a review of the action of the clerk, but was vested with jurisdiction to hear and determine all matters in controversy and render such judgment or order within the limits provided by law, including default judgment, and that principle would apply even though the order by the clerk was a nullity.

6. **Rules of Civil Procedure § 55— default judgment—waiver of notice requirement**

Where defendants, an appearing party, have brought the matter in controversy before the trial court as a result of their motion to set aside the clerk's order entering default, and there has been a full inquiry, defendants have in effect waived the notice requirement of G.S. 1A-1, Rule 55(b)(2) and are not entitled to further notice prior to entry of default judgment.

APPEAL by defendants from *Brannon, Judge.* Order entered 28 June 1979 in chambers in ROBESON County arising out of an evidentiary hearing held 14 March 1979 in SCOTLAND County. Heard in the Court of Appeals 26 March 1980.

This is an appeal from the denial of a Rule 60 motion which followed a default judgment. Plaintiffs' complaint, filed 7 January

1977, alleged defendants breached a contract for the construction of a mobile home park on plaintiffs' property. Plaintiffs prayed for $20,260.00 in damages. Plaintiffs' motion for entry of default was granted on 8 November 1978, and default judgment was granted by the clerk on that date.

Defendants moved for relief under Rules 6(b), 55(d), 60(b) with allegations that the clerk did not have jurisdiction to grant the default judgment; that they had tendered a check to plaintiffs' former attorney, now deceased, which had been accepted and cashed in full settlement of the controversy; that defendants had entered an appearance through their negotiations with plaintiffs or plaintiffs' counsel; that defendants had a meritorious defense in that the mobile home park had been satisfactorily constructed according to specifications; that plaintiffs' attorney had agreed to allow defendants' attorney to file an answer; and that defendants' attorney had withdrawn without placing anything in the file to indicate that defendants were disputing plaintiffs' allegations. The motion included an affidavit from defendants' former attorney.

Judge Brannon's order stated that the hearing on the matter had been continued so that an evidentiary hearing could be held, that defendants had appeared at the evidentiary hearing and requested that it be continued because one of the defendants could not be present, that that motion had been denied, that the court had considered only oral testimony and not affidavits, and that one of the plaintiffs had been called as an adverse witness. The court found that plaintiffs had accepted the check tendered by defendants as the *quid pro quo* for continuing the case until the next term so that defendants would have time to complete the lot, that defendants' former attorney had not made any entry in the file of his appearance on behalf of defendants, and that there had been no oral testimony that he had made an appearance. Judge Brannon concluded that the default judgment entered by the clerk was void because plaintiffs' claim was not for a sum certain, and rendered another default judgment against defendants for nominal damages, with the remaining damages to be decided at a nonjury session at a later date. Defendants appealed.

*L. Wayne Sams for plaintiff appellees.*

*Locklear, Brooks & Jacobs, by Dexter Brooks for defendant appellants.*

MARTIN (Robert M.), Judge.

[1]  Defendants by their first assignment of error contend the trial court erred in refusing to grant defendants a continuance given the unavailability of one of the defendants. It is a well established rule in North Carolina that granting a motion for a continuance is within the discretion of the trial court. Continuances are not favored and the party seeking a continuance bears the burden of showing sufficient grounds. *Shankle v. Shankle*, 289 N.C. 473, 223 S.E. 2d 380 (1976). In the present case, when the motion came to be heard on 12 March 1979, defense counsel requested that the court initially consider several matters in chambers. After such in chambers consideration, the matter was set for an evidentiary hearing on 14 March 1979, if counsel were not able to agree on a factual stipulation. When the matter again came on for hearing on 14 March 1979, counsel announced that they had been unable to agree, whereupon defendants made an oral motion for a continuance on the ground that one of the defendants, Marshall P. James, was unavailable for the hearing due to a previous commitment related to his profession. The motion to continue is unsupported by affidavit and, although argued in the brief that only this particular defendant could testify to the circumstances surrounding the check in question, there is no evidence to this effect in the record. Defendants have failed to meet their burden of showing sufficient grounds for the motion.

[2]  Defendants by their second and third assignments of error contend that the court erred in denying the use of an affidavit and verified motion in the hearing. Prior to the hearing the court "announced that it would consider only the oral live testimony of witnesses and that the affidavits filed herein would not be considered. . ." Consequently, the court excluded the affidavit of attorney J. Robert Gordon on the issue of whether defendants had made an appearance prior to the entry of default and excluded the verified motion of defendants on the issue of the existence of the defense of accord and satisfaction. Rule 43(e), N.C. Rules Civ. Proc., governing evidence on motions, provides:

> When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

In a comment on Rule 43(e), it is stated that

> The rule grants the judge specific authority to direct the type of evidence he will hear on a motion. . . . Thus, it seems obvious that the judge, in his discretion, may allow the facts to be presented for the purpose of a motion either wholly or partly by affidavit, oral testimony or deposition or any combination thereof.

W. Shuford, N.C. Civil Practice and Procedure § 43-7 (1975). A discretionary ruling of a trial judge is conclusive on appeal in the absence of a showing of abuse of discretion. 1 Strong's N.C. Index 3d, Appeal and Error § 54 (1976). Defendants have failed to show that the trial judge abused his discretion in directing that the matter be heard wholly on oral testimony.

[3] Defendants by their fourth and fifth assignments of error contend that defendants made an appearance through the representation of J. Robert Gordon whereby a continuance was sought and secured upon the consent of plaintiffs and through active settlement negotiations between the parties. After the court limited the hearing to oral testimony, defendant called one of the plaintiffs, A. Turner Webb, as an adverse witness. Based on the testimony presented at the hearing the court found the following facts:

1. That on July 7, 1977, the defendant, Marshall P. James, gave a check, introduced into evidence by the defendants, drawn on his account, to Jennings King, Esquire, now deceased, who was then representing the defendants (sic) herein as a result of a conversation relating to the controversy at issue herein between the parties hereto.

2. That said attorney gave said check to the plaintiff A. Turner Webb, who accepted same as the quid pro quo for agreeing to continue the cause herein until the next term of Court so that the defendants would have sufficient time to complete the mobile home park according to the contract specifications as understood by said plaintiff, and thereby to comply with the contract they had breached.

3. That an examination of the Court file indicated that J. Robert Gordon did not file an answer or any other document giving notice of his appearance for the defendants;

and that the Court was not offered any oral live testimony that J. Robert Gordon made any appearance in open Court in this matter.

4. That the defendants offered a verified motion in support of the defense of accord and satisfaction between said parties; and that the Court was not offered any oral live testimony from any of the defendants in support of the defense in open Court at this hearing.

Once precluded from introducing the affidavit and verified motion by the court's discretionary ruling restricting evidence to oral testimony, defendants presented no evidence on their contention that defendants made an appearance through the representation of J. Robert Gordon. Defendants did not include in the record any of the oral testimony presented at the hearing by adverse witness A. Turner Webb on the purpose of the $500 check paid by defendants to plaintiffs. When the evidence is not in the record it is presumed that the court's findings are supported by competent evidence and the findings are conclusive on appeal. *Town of Mount Olive v. Price*, 20 N.C. App. 302, 201 S.E. 2d 362 (1973). The finding of fact No. 3 supports the trial court's conclusion that defendants did not make an appearance through the representation of J. Robert Gordon. The remaining question is whether the finding of fact No. 2 supports the conclusion "[t]hat the defendants did not make an appearance in this action through the negotiation of the continuance which gave rise to the check introduced into evidence."

In *Roland v. Motor Lines*, 32 N.C. App. 288, 289, 231 S.E. 2d 685, 687 (1977), we noted that

As a general rule, an "appearance" in an action involves some presentation or submission to the court. (Citation omitted.) However, it has been stated that a defendant does not have to respond directly to a complaint in order for his actions to constitute an appearance (citation omitted). In fact, an appearance may arise by implication when a defendant takes, seeks, or agrees to some step in the proceedings that is beneficial to himself or detrimental to the plaintiff. (Citations omitted.)

Depending on the particular circumstances, communications between parties relative to giving the defendant an extension of

Webb v. James

time in which to plead have been considered an "appearance" within the meaning of Rule 55(b)(2). Annot. 27 A.L.R. Fed. 620 (1976). In addition, negotiations between parties after the institution of an action may constitute an appearance. *Taylor v. Triangle Porsche-Audi, Inc.*, 27 N.C. App. 711, 220 S.E. 2d 806 (1975), *cert. denied* 289 N.C. 619, 223 S.E. 2d 396 (1976). We hold that when defendant negotiated a continuance of the action in order to comply with the contract, that he made an appearance.

Having concluded that defendants have appeared in the action, the court's action in voiding the prior default judgment entered by the clerk was proper both on the ground defendant had appeared and on the ground offered by the court that plaintiffs' claim was not for a sum certain or for a sum which can by computation be made certain. Plaintiffs' cross assignments of error are hereby overruled.

[4] Defendants by their sixth assignment of error contend that the court erred in failing to set aside the entry of default by the clerk pursuant to Rule 55(d). An entry of default may be set aside "[f]or good cause shown. . . ." The determination of whether an adequate basis exists for setting aside the entry of default rests in the sound discretion of the trial judge. *Acceptance Corp. v. Samuels*, 11 N.C. App. 504, 181 S.E. 2d 794 (1971). It is clear that a discretionary order of the trial court is conclusive on appeal absent a showing of abuse of discretion. *Privette v. Privette*, 30 N.C. App. 41, 226 S.E. 2d 188 (1976). At the risk of seeming redundant, we repeat that defendants presented no evidence of the activity of attorney J. Robert Gordon on their behalf and no evidence of an accord and satisfaction which are cited in support of good cause. Contrary to an accord and satisfaction, the court found that the $500.00 check was given to plaintiffs on 7 July 1977 as the *quid pro quo* for plaintiffs agreeing to continue the cause until the next term of court. Although this agreement may have been good cause for defendants' default from the time of the agreement until the next term of court, no evidence has been presented showing good cause from the expiration of that agreement to the entry of default on 8 November 1978. The judge did not abuse his discretion in failing to set aside the entry of default.

[5] Defendants by their seventh assignment of error contend that the court erred in granting plaintiffs a default judgment. We

disagree. When the defendants made a motion to set aside the clerk's entry of default and default judgment, the judge was not limited to a review of the action of the clerk, but was vested with jurisdiction "to hear and determine all matters in controversy in such action," and render such judgment or order within the limits provided by law as he deems proper under all the circumstances. G.S. 1-276; *Hendrix v. Alsop*, 278 N.C. 549, 180 S.E. 2d 802 (1971). This principle applies even though the order by the clerk is a nullity. *In re Foreclosure of Deed of Trust*, 20 N.C. App. 610, 202 S.E. 2d 318 (1974).

**[6]** Defendants argue that plaintiffs made no application to the court for a default judgment. This argument is without merit as the judge acquired jurisdiction to dispose of the entire case by entering a default judgment pursuant to G.S. 1-276 and Rule 55(b)(2). Defendants further argue that Rule 55(b)(2) required an appearing party to be served with written notice at least three days prior to the hearing on the application for judgment by default. If the action had come originally before the judge, defendants would be entitled to such notice as a condition to the entry of a default judgment. However, we hold that where defendants, an appearing party, have brought the matter in controversy before the court as a result of their motion to set aside the clerk's order and there has been a full inquiry, defendants have, in effect, waived the notice requirement and are not entitled to further notice prior to judgment.

Affirmed.

Judges WEBB and HILL concur.