TALMYR CLARK, COLIN A. HOLWAY AND MICHAEL D. BAKER, IN THEIR RESPECTIVE INDI-
    VIDUAL CAPACITIES AND, ALTERNATIVELY, IN THEIR CAPACITIES OFFICERS, DIRECTORS AND
    SHAREHOLDERS OF FIBERCAP, INC., PLAINTIFFS v. KRISTOPHER PENLAND, RANDY
    PENLAND DAVID PENLAND, IN THEIR INDIVIDUAL CAPACITIES AND IN THEIR RESPECTIVE
    CAPACITIES AS OFFICERS, DIRECTORS AND SHAREHOLDERS OF FIBERCAP, INC. AND FIBERCAP
    DIGITAL, INC.; AND FIBERCAP, INC.; AND FIBERCAP DIGITAL, INC., DEFENDANTS

No. COA00-1152

(Filed 18 September 2001)

**1. Discovery— sanctions—showing of prejudice—not required**

The trial court did not abuse its discretion by entering default and default judgment for plaintiffs as a sanction for failure to comply with a discovery order where defendants contended that there was no prejudice from their failure to comply, but a showing of prejudice is not required to obtain sanctions under Rule 37 for abuse of discovery. Moreover, the court here specifically

found that plaintiffs had been prejudiced and stated that it had determined that lesser sanctions would not suffice.

**2. Appeal and Error— appealability—discovery sanctions— interlocutory order—substantial right affected**

A substantial right was affected by a discovery sanctions order striking defendants' answer and affirmative defenses and entering a default judgment.

**3. Civil Procedure— Rule 59(e) motion for relief—failure to state grounds**

The trial court did not abuse its discretion by denying a Rule 59(e) motion for relief from discovery sanctions and a default judgment where the motion failed to state its grounds.

**4. Civil Procedure— Rule 60 relief—carelessness of attorney**

The trial court did not abuse its discretion by denying a Rule 60(b)(1) motion for relief from discovery sanctions and a default judgment where defendants argued that their counsel failed to take notice of the order for sanctions. Ignorance, inexcusable neglect, or carelessness by an attorney will not provide grounds for Rule 60(b)(1) relief.

Appeal by defendants from orders entered 30 March 2000 and 25 May 2000 by Judge Orlando F. Hudson, Jr. in Wake County Superior Court. Heard in the Court of Appeals 22 August 2001.

*Jordan, Price, Wall, Gray, Jones & Carlton, P.L.L.C., by Paul T. Flick and Jonathan P. Carr, for plaintiff-appellee.*

*Parker & Howes, L.L.P., by David P. Parker, for defendant-appellant.*

TYSON, Judge.

David Penland and Randy Penland ("defendants") appeal the trial court's entry of default and default judgment 30 March 2000 in favor of Talmyr Clark, Colin A. Holway, Michael D. Baker, and Fibercap, Inc. ("plaintiffs") and order denying defendants' motion for relief dated 25 May 2000.

## I. Facts

Plaintiffs and defendants agreed to incorporate Fibercap, Inc. for the installation and sale of fiber optic communications cable and con-

duit. During construction of a fiber optic loop for Wake Forest University, plaintiffs learned that defendants were appropriating money received from Wake Forest University. Plaintiffs filed suit on 15 October 1998.

On 18 March 1999, plaintiffs served defendants with a first set of interrogatories and on 29 July 1999 a second set of interrogatories. Plaintiffs then moved for an order compelling discovery. On 15 October 1999, the trial court ordered defendants to supplement responses to first set of interrogatories and answer second set of interrogatories within 30 days.

Defendants served their supplemental responses and answers on 15 November 1999. The trial court found defendants' answers were insufficient. Plaintiffs moved for sanctions. On 30 March 2000, the trial court found that defendants failed to comply with the court order and struck defendants' answer and affirmative defenses, and entered default judgment on all claims as to liability only.

On 7 April 2000, defendants timely filed a motion for relief from judgment or order, pursuant to Rule 59 and 60, which motion was denied on 25 May 2000. Defendants filed notice of appeal on 12 June 2000.

## II. Issues

Defendants raise twenty-three assignments of error. Those assignments of error relating to the findings of facts and conclusions of law not argued in defendants' brief are deemed abandoned. N.C. R. App. P. 28(b)(5) (1999). Defendants raise two issues and argue that the trial court abused its discretion in (1) entry of default as sanctions against defendants for failure to comply with discovery requests and (2) denying defendants' motion for relief. We disagree and affirm the order of the trial court.

## A. Sanctions

[1] Defendants argue that the trial court abused its discretion in entering default and default judgment, and that such a sanction was too severe. Rule 37(b)(2) allows "judgment by default against the disobedient party" when "a party or an officer, director or managing agent of a party . . . fails to obey an order to provide or permit discovery." N.C. Gen. Stat. Sec. 1A-1, Rule 37(b)(2) (1999). "Sanctions under Rule 37 are within the sound discretion of the trial court and will not be overturned on appeal absent a showing of abuse of that

discretion." *Hursey v. Homes By Design, Inc.*, 121 N.C. App. 175, 177, 464 S.E.2d 504, 505 (1995) (citation omitted). This Court may reverse for abuse of discretion only upon a showing that the trial court's order is "manifestly unsupported by reason." *Cheek v. Poole*, 121 N.C. App. 370, 374, 465 S.E.2d 561, 564 (1996), *cert. denied*, 343 N.C. 305, 471 S.E.2d 68 (1996) (citations omitted).

Defendants assert that the trial court committed reversible error because plaintiffs have not shown any prejudice due to defendants failure to comply with the court's order compelling discovery. We disagree. "Rule 37 does not require the [movant] to show that it was prejudiced by the [nonmovant's] actions in order to obtain sanctions for abuse of discovery." *Roane-Barker v. Southeastern Hosp. Supply Corp.*, 99 N.C. App. 30, 37, 392 S.E.2d 663, 668 (1990), *disc. rev. denied*, 328 N.C. 93, 402 S.E.2d 418 (1991). Even so, the trial court specifically found that plaintiffs had been prejudiced. The trial court further stated that it considered less severe sanctions and determined that lesser sanctions would not suffice. *Cheek* at 374, 465 S.E.2d at 564 (trial court must consider less severe sanctions). We find no abuse of discretion.

### B. Motion for Relief

**[2]** The entry of default and default judgment by order on 30 March 2000 was not a final default judgment. The trial court retained jurisdiction to determine the issue of damages. While this appeal is interlocutory, the order striking defendants' answer, affirmative defenses, and entering default affects a substantial right. *Vick v. Davis*, 77 N.C. App. 359, 360, 335 S.E.2d 197, 198 (1985) (appeal from order imposing sanctions after defendant refused to identify a material witness) (citing *Adair v. Adair*, 62 N.C. App. 493, 495, 303 S.E.2d 190, 192, *disc. rev. denied*, 309 N.C. 319, 307 S.E.2d 162 (1983)).

**[3]** Defendants argue the trial court abused its discretion in denying its motion for relief. Defendants' Rule 59(e) motion fails to state the grounds therefor under section (a) of this rule and as required under Rule 7(b). *See* N.C. Gen. Stat. Sec. 1A-1, Rule 59(e) (1999); N.C. Gen. Stat. Sec. 1A-1, Rule 7(b)(1) (1999); *Meehan v. Cable*, 135 N.C. App. 715, 721, 523 S.E.2d 419, 423 (1999). Defendants' Rule 59(e) motion was properly denied.

**[4]** Rule 60(b)(1) provides that a party may be relieved from a final judgment, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. N.C. Gen. Stat. Sec. 1A-1, Rule 60(b)(1) (1999).

"Excusable neglect is something which must have occurred at or before entry of the judgment, and which caused it to be entered." *PYA/Monarch, Inc. v. Ray Lackey Enterprises, Inc.*, 96 N.C. App. 225, 227, 385 S.E.2d 170, 171 (1989) (citations omitted). In determining whether to grant relief under Rule 60(b)(1), the trial court acts within its sound discretion. *Harris v. Harris*, 307 N.C. 684, 687, 300 S.E.2d 369, 372 (1983) (citation omitted). The ruling will be disturbed only upon a showing of abuse of discretion. *Id.*

Defendants claim that the trial court's denial of their motion for relief was "manifestly unsupported by reason." Defendants fail to articulate the basis for this argument. We note that Defendants argued in their Rule 60(b)(1) motion that defendants' counsel mistakenly failed to take note of the order for sanctions, which was timely served, and mistakenly thought that the motion for sanctions that appeared on the court docket pertained to another defendant. Ignorance, inexcusable negligence, or carelessness on the part of an attorney will not provide grounds for relief under Rule 60(b)(1). *Henderson v. Wachovia Bank of N.C., N.A.*, 145 N.C. App. 621, —— S.E.2d ——, —— (2001) (citing *Briley v. Farabow*, 348 N.C. 537, 545, 501 S.E.2d 649, 655 (1998). The choice of sanctions under Rule 37 lies within the trial court's discretion and the sanctions imposed by the trial court are among those expressly authorized by the statute. We find no abuse of discretion by the trial court in denying defendants' motion. The judgment and order are affirmed.

Affirmed.

Judges WYNN and HUNTER concur.