CEDRICK BOBBY LEMON, Plaintiff v. SEAN "PUFFY" COMBS, Defendant

No. COA03-690

(Filed 1 June 2004)

**1. Process and Service— proof of service—throwing papers at feet**

There was sufficient proof of service of process where the sheriff's certification of service indicated the manner in which defendant was served and plaintiff presented affidavits supporting the deputy's version of how service was made.

The court did not abuse its discretion by rendering a decision based solely on affidavits.

## 2. Jurisdiction— personal—default judgment

Although plaintiff served defendant with a summons and complaint and obtained an entry of default upon defendant's failure to appear, plaintiff did not provide a basis upon which personal jurisdiction could be established and the default judgment was void. N.C.G.S. § 1-75.11.

Judge TYSON concurring in part and concurring in the result in part.

Appeal by plaintiff and defendant from order entered 6 February 2003 by Judge William Z. Wood, Jr., Superior Court, Forsyth County. Heard in the Court of Appeals 2 March 2004.

*Horton and Gsteiger, PLLC, by Urs R. Gsteiger and Howard C. Jones II, for plaintiff.*

*Womble Carlyle Sandridge & Rice, PLLC, by Burley B. Mitchell, Jr. and Jack M. Strauch, for defendant.*

WYNN, Judge.

This appeal arises from the entry of a default judgment against Defendant Sean Combs awarding Plaintiff Cedrick Bobby Lemon $450,000 in compensatory damages and $2,000,000 in punitive damages for personal injuries inflicted by bodyguards allegedly employed, supervised and managed by Combs. From the trial court's order upholding the compensatory damage award, Combs appeals; and, from the setting aside of the punitive damage award, Lemon appeals. We hold that because Lemon failed to fulfill the requirements of N.C. Gen. Stat. § 1-75.11, we must vacate the trial court's entry of default judgment.

The pertinent facts indicate that following a concert given by singer Mary J. Blige on 25 June 1995 at the Lawrence Joel Veterans Memorial Coliseum in Winston-Salem, North Carolina, two of her bodyguards beat and severely injured Lemon. Thereafter, Lemon brought three actions arising from that incident; the third of which is the subject of this appeal.[1] In this action, brought in May 2002,

---

1. Lemon brought the first action in July 1996 against several defendants including the two bodyguards and their employer, Steve Lucas Management. That action resulted in judgment against Steve Lucas Management. Lemon brought a second action in May 1999 against Blige which was settled.

LEMON v. COMBS

[164 N.C. App. 615 (2004)]

Lemon alleged that Combs was vicariously liable for the injuries caused by the bodyguards who were allegedly employed, supervised and managed by Combs.

At the default judgment hearing, Lemon presented evidence showing that Guilford County Deputy Sheriff C.L. Overcash personally served Combs with the Alias Summons and a copy of the Complaint for this action on 21 June 2002 by throwing the copies of the summons and complaint at Combs' feet and stating "You are served" after Combs tried to avoid service. Combs, however, refuted that he was ever served and submitted affidavits of eleven individuals stating that no one attempted to serve him at the Coliseum on that date.

After Combs neither appeared, answered, nor otherwise pleaded to the Complaint, Lemon obtained an entry of default; thereafter on 10 September 2002, Lemon obtained a default judgment awarding damages in the earlier stated amounts. Upon learning of the judgment in media reports, Combs moved for relief from the judgment on 30 October 2002. By order dated 6 February 2003, the trial court upheld the compensatory damage award but set aside the punitive damage award to allow Combs the opportunity to contest Lemon's claim for punitive damages. Both parties appeal.

---

Both parties acknowledge their appeals are interlocutory but contend that based upon this Court's decision in *Clark v. Penland*, 146 N.C. App. 288, 552 S.E.2d 243 (2001) a substantial right is affected. We need not decide whether this appeal affects a substantial right because we reach the merits of this appeal by granting the petitions of both parties to allow certiorari review of the issues on appeal.

The dispositive issue on appeal is whether the default judgment entered by the trial court should be set aside because Lemon failed to comply with N.C. Gen. Stat. § 1-75.11. We answer, yes.

N.C. Gen. Stat. § 1-75.11 (2001) provides:

Where a defendant fails to appear in the action within apt time the court shall, before entering a judgment against such defendant, require proof of service of the summons in the manner required by G.S. 1-75.10 and, in addition, shall require further proof as follows:

(1) Where Personal Jurisdiction Is Claimed Over the defendant.—

Where a personal claim is made against the defendant, the
court shall require proof by affidavit or other evidence, to be
made and filed, of the existence of any fact shown by verified
complaint which is needed to establish grounds for personal
jurisdiction over the defendant. The court may require such
additional proof as the interests of justice require. . . .

Under this statute, a plaintiff must show proof of proper service and
evidence establishing personal jurisdiction to obtain a default judg-
ment against a defendant. Combs contends (1) he was not served with
the Complaint in a manner required by N.C. Gen. Stat. § 1-75.10 and
(2) there was insufficient and inadequate proof establishing personal
jurisdiction. We address each contention separately.

(1) Service of Process

[1] In the order partially denying Combs's motion for relief from
entry of default and default judgment, the trial court concluded
Combs was "personally served with the Alias Summons and
Complaint in a proper and sufficient manner" on 21 June 2002. The
trial court found:

2. Deputy Sheriff C.L. Overcash of the Office of the Guilford
County Sheriff personally served the defendant with the Alias
Summons and a copy of the Complaint in this action at the
Greensboro Coliseum Complex ("GCC") in Guilford County on
June 21, 2002 in the following manner as is described by the
affidavits of Deputy Overcash, Lieutenant J.E. Hinson, Jr. of
the Greensboro Police Department and Eric W. Schneider, the
supervisor of back stage security employed by Show Pros
Entertainment Services for the defendant's stage performance
at the GCC:

(a) Deputy Overcash stood directly in front of the defendant as
he looked at her while she identified herself by name and dis-
played to the defendant her Deputy Sheriff badge and her Office
of Guilford County Sheriff picture identification card;

(b) Deputy Overcash explained to the defendant that she had a
civil summons for him in the above entitled case and that he or
his attorney had 30 days from June 21, 2002 to respond in writing
to the Complaint attached to the summons;

(c) The defendant tried to avoid service by indicating that he
would not take it and started to walk away; and

(d) Deputy Sheriff Overcash immediately threw copies of the Alias Civil Summons and Complaint at the feet of the defendant and stated to him in a clear and distinct voice that "You are served."

3. In addition, one of the defendant's bodyguards was witnessed by Lieutenant Hinson picking up the copies of the Alias Summons and Complaint that Deputy Overcash had thrown at defendant's feet and carrying them to the defendant's dressing room.

"Findings of fact made by the trial court upon a motion to set aside a judgment by default are binding on appeal if supported by any competent evidence." *Norton v. Sawyer*, 30 N.C. App. 420, 422, 227 S.E.2d 148, 151, *review denied by*, 291 N.C. 176, 229 S.E.2d 689 (1976). Our review of the record, specifically the affidavits of Deputy Overcash, Lieutenant J.E. Hinson, Jr. and Eric W. Schneider, indicates competent evidence supports these findings of fact. Thus, we conclude the trial court's findings of fact were supported by competent evidence.

Combs also contends that because competing and contradictory affidavits were submitted by the parties regarding service, the trial court should have received oral testimony regarding the events of 21 June 2002 to properly assess the credibility of the affiants. However, it is within the trial court's discretion as to whether it will consider affidavits, oral testimony, or both in motion hearings. *See* N.C. R. Civ. P. 43(e); *Webb v. James*, 46 N.C. App. 551, 265 S.E.2d 642 (1980). In this case, Combs chose not to present oral testimony despite the trial court's willingness to receive such testimony. Thus, we conclude the trial court did not abuse its discretion in rendering its decision based solely upon affidavits.

In sum, under N.C. Gen. Stat. § 1-75.10(1), proof of service of the summons is shown by (1) the sheriff's certificate showing the place, time and manner of service or (2) by affidavit showing the place, time and manner of service, the affiant's qualifications to make service, that he knew the person to be served and that he delivered and left a copy with said person or some other identified person. In this case, the sheriff's certificate of service indicated the manner in which Combs was served; moreover, Lemon presented affidavits supporting Deputy Overcash's version of how service was made upon Combs. We conclude Lemon presented sufficient proof of service in accordance with N.C. Gen. Stat. § 1-75.10.

## (2) Personal Jurisdiction

**[2]** Under N.C. Gen. Stat. § 1-75.11, "proof of service of summons is only part of the proof necessary to establish grounds for personal jurisdiction before entering the judgment. The additional proof required is that an 'affidavit or other evidence' be made and filed of the existence of any fact needed to establish grounds for personal jurisdiction over a defendant which is not shown by a verified complaint." *Hill v. Hill*, 11 N.C. App. 1, 8, 180 S.E.2d 424, 429 (1971), *writ of cert. denied by* 279 N.C. 348, 182 S.E.2d 580 (1971); *see also McIlwaine v. Williams*, 155 N.C. App. 426, 430, 573 S.E.2d 262, 265 (2002). In this case, Lemon's complaint was unverified. Therefore, all of the facts needed to establish grounds for personal jurisdiction in this case had to be shown by affidavit or other evidence made and filed with the court. *Id.*

During the 9 September 2002 hearing for default judgment, Lemon presented to the trial court (1) the sheriff's return of service, (2) three certificates of service indicating the motion for default judgment and calendar request were sent to two of Combs' last known addresses, (3) the unverified complaint, (4) Lemon's affidavit, (5) a copy of Blige's interrogatory answers, (6) Lemon's testimony, (7) an internet excerpt from Fortune Magazine indicating Combs was one of the wealthiest people in America, and (8) a copy of a Court of Claims of the State of New York decision, which included the recitation of Combs' testimony in that case as a non-party witness.

Lemon contends his affidavit and Blige's interrogatory answers establish grounds for personal jurisdiction pursuant to N.C. Gen. Stat. §§ 1-75.2(3) and 1-75.4(3).[2]

In Paragraph 3(d) of his affidavit, Lemon states:

Tauraen Russell Bennett and Odarus Chron Bennett were employed by Combs to serve as Blige's bodyguards and accompanied Blige while she was at the Coliseum.

---

2. N.C. Gen. Stat. § 1-75.2(3) defines "Defendant" as "the person named as defendant in a civil action and where in this Article acts of the defendant are referred to, the reference includes any person's acts for which the defendant is legally responsible. In determining for jurisdictional purposes the defendant's legal responsibility for the acts of another, the substantive liability of the defendant to the plaintiff is irrelevant." N.C. Gen. Stat. § 1-75.4(3) provides, as a grounds for personal jurisdiction, "local act or omission—in any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant."

However, evidence in the record shows that Lemon lacked personal knowledge of the circumstances surrounding the employment of Tauraen and Odarus Bennett. Indeed, at the 9 September 2002 motion hearing, Lemon indicated he learned of Combs' alleged hiring of Tauraen and Odarus Bennett through Blige's interrogatory answers.

In North Carolina, affidavits must be based upon personal knowledge pursuant to our statutory and case law. N.C. Gen. Stat. § 1A-1, Rule 43(e) states:

> *Evidence on motions.*—When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

In interpreting this provision, this Court has held the N.C. R. Civ. Pro. 56(e) requirement that affidavits must be based upon personal knowledge applies to Rule 43(e). In *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 238, 506 S.E.2d 754, 759 (1998), this Court, in its discussion of *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E.2d 640 (1979), stated:

> This, Court reasoning that a motion to dismiss can result in termination of a lawsuit just as much as a motion for summary judgment, held that to the extent that Rule 43(e) applies to a motion to dismiss, the trial court in ruling on a Rule 12(b)(2) motion should rely only on material that would be admissible at trial. The court thus should consider whether there were sufficient allegations based upon plaintiff's personal knowledge to support the exercise of personal jurisdiction over the . . . defendants.

Rule 43(e) has been applied to motions related to default judgments. *See Webb v. James*, 46 N.C. App. 551, 265 S.E.2d 642 (1980). Moreover, as a default judgment also results in the termination of a lawsuit, affidavits purporting to establish personal jurisdiction should be based upon personal knowledge.

Furthermore, the requirement that affidavits shall be based upon personal knowledge is found in other areas of North Carolina law. As indicated, affidavits in support of or in opposition to motions for summary judgment must be based upon personal knowledge. *See* N.C. R. Civ. P. 56(e). In the context of motions for Rule 11 sanctions, "any affidavits submitted, either in support of or in opposition to a Rule 11 motion, must be based on *personal knowledge*, must set forth facts

which would be admissible in evidence, and must show that the affiant is competent to testify to the matters stated therein." *Taylor v. Taylor Prods.*, 105 N.C. App. 620, 629, 414 S.E.2d 568, 575 (1992), *overruled in part on other grounds by Brooks v. Giesey*, 334 N.C. 303, 318, 432 S.E.2d 339, 347 (1993) (emphasis supplied). In the criminal context, affidavits in support of search warrants or in support of a motion to suppress evidence must be based upon personal knowledge of the affiant or the source of the information. *See* N.C. Gen. Stat. 15A-977(a) (providing "the motion [to suppress evidence] must be accompanied by an affidavit containing facts supporting the motion" and that said "affidavit may be based upon personal knowledge, or upon information and belief, if the source of the information and the basis for the belief are stated"); *State v. Edwards*, 85 N.C. App. 145, 354 S.E.2d 344 (1987) (indicating "the affidavit of the officer who applied for the search warrant contained sworn statements that a confidential informant had personal knowledge that marijuana was being sold out of defendant's residence and that this informant had given reliable information in the past"). Thus, it is a general legal principle that affidavits must be based upon personal knowledge. As stated in 3 Am. Jur. 2d, *Affidavits* § 13,

> An affidavit must be based on personal knowledge, and its allegations should be of the pertinent facts and circumstances, rather than conclusions. Although an affidavit must be verified by a person with personal knowledge of the facts, the court may rely on reasonable inferences drawn from the facts stated. An affidavit may be considered, even if conclusions are intermingled with facts. When an affiant makes a conclusion of fact, it must appear that the affiant had an opportunity to observe and did observe matters about which he or she testifies. Statements in affidavits as to opinion, belief, or conclusions of law are of no effect. The affiant must swear or affirm under oath that facts stated are true.

As stated in 3 Am. Jur. 2d, *Affidavits* § 14,

> Generally, affidavits must be made on the affiant's personal knowledge of the facts alleged in the petition. The affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. The personal knowledge of the facts asserted in an affidavit is not presumed from a mere positive averment of facts but rather the court should be shown how the affiant knew or could have known such facts and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed

that such does not exist. However, where it appears that an affidavit is based on the personal knowledge of the affiant and reasonable inference is that the affiant could competently testify to the contents of the affidavit at trial, there is no requirement that the affiant specifically attest to those facts.

In this case, neither the record nor the affidavit shows that Lemon had personal knowledge of the circumstances surrounding the hiring of the bodyguards, Tauraen and Odarus Bennett. Accordingly, Lemon's affidavit does not provide a sufficient basis upon which personal jurisdiction could be grounded.

Lemon also relies upon Mary J. Blige's interrogatory answers. Questions 3(c) and (d) regarding her knowledge of Tauraen Russell Bennett stated:

(c) Describe fully how he was selected for employment or to perform services related to Mary J. Blige on June 25, 1995 and the full extent of your involvement in that selection.

(d) All services that he performed for you during the tour that included your performance at the Lawrence Joel Veterans Memorial Coliseum on June 25, 1995.

In responding to these questions, Blige stated:

(c) *Unknown.* Tauraen Russell Bennett, was an independent contractor retained by Steve Lucas Management and Sean "Puffy" Combs. How he was selected is unknown to this party.

(d) I am advised that he was assigned by Steve Lucas Management and Sean "Puffy" Combs to provide security services.

In Questions 4(c) and (d), Blige was asked the same questions regarding Odarus Chron Bennett. She responded:

(c) *Unknown.* Steve Lucas Management and Sean "Puffy" Combs. See answer to 3.(c).

(d) *Unknown.* On information and belief, Odorus Chron Bennett was an independent contractor retained by Steve Lucas Management and Sean "Puffy" Combs. How he was selected is unknown to this party.

After responding to all of the interrogatories, Blige limited her certification to those facts of which she had personal knowledge. In her certification, she indicated she did not have personal knowledge of

the subject matter in questions 3 and 4. The pertinent portions of her certification state:

2. I have reviewed the answers to the interrogatories submitted on my behalf in this action. I certify as to the facts to which I have personal knowledge, and contained therein, I verify them to be true.

5. The statements set forth in my answers to questions Number 5, 6, 8 and 13 indicate my personal knowledge concerning Steve Lucas, Steve Lucas Management, and the restrictions on the plaintiff, Cedrick Bobby Lemon. I cannot do the investigative work for the plaintiff, to assist his case in determining the whereabouts of Steve Lucas.

8. As to the subject matter, my sister, LaTonya Blige-DaCosta, and my attorney, Ernest Booker, are more familiar with the facts demanded by the plaintiff concerning the other defendants and the incident, and could [indiscernible] as my surrogates.

Thus, Blige's certification indicates she did not have personal knowledge regarding the hiring of Tauraen and Odarus Bennett and that her sister, LaTonya Blige-DaCosta and her attorney, Ernest Booker, were the individuals more familiar with the facts of this case. As Blige limited her certification and verification of her interrogatory responses to the subject matter of which she had personal knowledge, the trial court could not rely upon responses 3 and 4 as grounds for personal jurisdiction. *See Corda v. Brook Valley Enterprises, Inc.*, 63 N.C. App. 653, 657, 306 S.E.2d 173, 176 (1983) (affirming the trial court's exclusion of interrogatory answers that were not based upon personal knowledge; but rather, were based upon information and belief).

Moreover, DaCosta, in her affidavit submitted in other litigation arising out of this incident, stated:

(1) I am the personal assistant to defendant Mary J. Blige and held that position in June, 1995.

(2) I have personal knowledge of the facts herein . . .

(3) The hiring of the two bodyguards, Taurean Russell Bennett and Odarus Chron Bennett (bodyguards) was under the control of Steven Lucas, Mary J. Blige's then agent, or his company, Steve Lucas Management, Inc.

(4) Steve Lucas was responsible for many of the details of the day-to-day running of the Mary J. Blige tour of 1995 up to and including the hiring and firing of the bodyguards.

(5) Mary J. Blige herself had no personal knowledge of these bodyguards prior to their employment by Steve Lucas for the 1995 tour. She assumed they were professionals who would use their independent knowledge of their specialized skills and training in their work.

Thus, Blige's interrogatory answers do not provide sufficient facts upon which personal jurisdiction could be established.

In sum, although Lemon served Combs with the summons and complaint and obtained an entry of default upon Combs' failure to timely answer, pursuant to N.C. Gen. Stat. § 1-75.11, Lemon had to provide the trial court with sufficient facts upon which the trial court could establish grounds for personal jurisdiction. *See Hill v. Hill*, 11 N.C. App. 1, 180 S.E.2d 424 (1971) (stating "there is a distinction between obtaining jurisdiction by service of process and the proof of jurisdiction as required by G.S. 1-75.11 before entry of a judgment against a non-appearing defendant). Lemon's unverified complaint, affidavit and Blige's interrogatory responses do not provide a basis upon which personal jurisdiction may be established. Indeed, Lemon and Blige lack personal knowledge regarding the circumstances surrounding the employment of Taurean and Odarus Bennett.

Therefore, as indicated in *Hill v. Hill*, 11 N.C. App. at 10, 180 S.E.2d at 430, "for the failure of the record to show, as required by G.S. 1-75.11, personal jurisdiction of Combs by the court, the judgment entered herein was void and could be considered and treated as a nullity." However, the entry of default is valid. *See Silverman v. Tate*, 61 N.C. App. 670, 301 S.E.2d 732 (1983) (indicating that jurisdictional proof is not required for an entry of default).

As the default judgment was null and void, it is unnecessary to address Lemon's appeal regarding the propriety of the trial court's order setting aside the punitive damages award. Furthermore, we decline to render an advisory opinion regarding how the parties should proceed below. Indeed, "it is no part of the function of the courts to issue advisory opinions." *Wise v. Harrington Grove Community Association*, 357 N.C. 396, 408, 584 S.E.2d 731, 740 (2003). As the concurring opinion addresses issues neither presented to this Court nor argued by the parties, we decline to advise the par-

ties and the trial court as to what evidence would satisfy the requirements of N.C. Gen. Stat. § 1-75.11. *See id.* (stating "this is not an issue drawn into focus by these proceedings, and to reach this question would be to render an unnecessary advisory opinion"). In conclusion, we affirm the entry of default but vacate the entry of default judgment.

Affirmed in part, Vacated in part.

Judge HUNTER concurs.

Judge TYSON concurring in part and concurring in the result in part.

TYSON, Judge concurring in part and concurring in the result in part.

I concur in that portion of the majority's opinion which affirms the entry of default and vacates the entry of default judgment due to insufficient evidence of personal jurisdiction as required by N.C. Gen. Stat. § 1-75.11.

I agree with the majority's opinion that proof of service of summons does not, by itself, satisfy both requirements of N.C. Gen. Stat. § 1-75.11. *Hill v. Hill,* 11 N.C. App. 1, 8-9, 180 S.E.2d 424, 429, *cert. denied,* 279 N.C. 348, 182 S.E.2d 580 (1971). I disagree, however, with dicta in the majority's opinion which asserts that issues not presented to this Court or argued by the parties are being addressed. Defendant Combs specifically assigned error to the trial court's entry of default judgment and argued plaintiff failed to comply with the requirements of N.C. Gen. Stat. § 1-75.11. Therefore, this issue is properly before this Court.

The record before us contains three affidavits which were before the trial court on defendant's motion to set aside the default judgment. These affidavits were not before the trial court when it entered default judgment but provide the required proof of personal jurisdiction over defendant Combs to satisfy the requirements of N.C. Gen. Stat. § 1-75.11.

N.C. Gen. Stat. § 1-75.4 (2003) states:

A court of this State . . . has jurisdiction over a person . . . under any of the following circumstances:

LEMON v. COMBS

[164 N.C. App. 615 (2004)]

(1) Local Presence or Status.—In any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:

a. *Is a natural person present within this State.*

(emphasis supplied).

The sworn affidavits of: (1) C.L. Overcash, Deputy Sheriff of Guilford County, who actually served defendant Combs at the GCC; (2) J.E. Hinson, Jr., an officer with the Greensboro Police Department, who was working off-duty at the GCC and physically present to witness the service on the night defendant Combs was served; and (3) Erik W. Schneider, Security Supervisor at GCC on the night of the incident, who escorted defendant Combs to his dressing room after his performance and witnessed the service, show defendant Combs was properly served *and* served while *physically present* within the State of North Carolina. If a defendant who is a "natural person" is served with process while "present within this State," the court possesses the jurisdiction to enter a "judgment against a party personally," based upon jurisdictional grounds set forth in N.C. Gen. Stat. § 1-75.4. *See* N.C. Gen. Stat. § 1.75.3 (2003); *see also Hill*, 11 N.C. App. at 8-9, 180 S.E.2d at 429.

We all agree that proof of service of summons was sufficient and entry of default was proper. Since, however, the complaint is unverified and the affidavits before the trial court when it entered judgment by default against defendant Combs were insufficient to show personal jurisdiction over defendant, the default judgment must be vacated.

However, the affidavits of C.L. Overcash, J.E. Hinson, Jr., and Erik W. Schneider show defendant Combs was properly served while *physically present* in Greensboro, North Carolina; provide the trial court with personal jurisdiction over defendant Combs pursuant to N.C. Gen. Stat. § 1-75.4; and satisfy the requirements of N.C. Gen. Stat. § 1-75.11.