THE CURRITUCK ASSOCIATES-RESIDENTIAL PARTNERSHIP, A NORTH CAROLINA GENERAL PARTNERSHIP, PLAINTIFF v. RAY E. HOLLOWELL, JR., D/B/A SHALLOWBAG BAY DEVELOPMENT COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. KITTY HAWK ENTERPRISES, INC., THIRD-PARTY DEFENDANT

SHALLOWBAG BAY DEVELOPMENT COMPANY, LLC, PLAINTIFF v. THE CURRITUCK ASSOCIATES-RESIDENTIAL PARTNERSHIP, DEFENDANT

No. COA04-377

(Filed 17 May 2005)

**1. Appeal and Error— appeal bond—sufficiency of supporting evidence**

   A $1 million appeal bond under N.C.G.S. § 1-292 was not supported by sufficient evidence, and was remanded, where the affidavit on which the court relied for determining construction costs did not include any basis for inferring that the affiant had personal knowledge of the project construction costs.

**2. Appeal and Error— appeal bond—purpose, calculation, scope**

   The purpose of an appeal bond is to protect the appellee during appeal and the only reasonable interpretation of N.C.G.S. § 1-292 is that the court must determine the loss of use of the disputed property to the appellee. Whether the appellant uses or doesn't use the property is beside the point. Also, because the appellee appealed all of the underlying orders, the court in setting the bond may consider the loss of use of all sections of the land involved in the transaction even though appellee was relieved by the orders of any obligation to sell some of the sections.

Appeal by defendant Hollowell and plaintiff Shallowbag Bay Development Company from orders entered 31 October 2003 by Judge Dwight L. Cranford in Dare County Superior Court. Heard in the Court of Appeals 10 January 2005.

*Poyner & Spruill, LLP, by J. Nicholas Ellis, for plaintiff-appellee and defendant-appellee The Currituck Associates Residential Partnership.*

*Ragsdale Liggett, PLLC, by George R. Ragsdale and Walter L. Tippett, Jr., for defendant-appellant Ray E. Hollowell, Jr. and plaintiff-appellant Shallowbag Bay Development Company, LLC.*

GEER, Judge.

Appellants Ray E. Hollowell, Jr. and Shallowbag Bay Development Company, LLC appeal the trial court's orders setting the amount of an appeal bond under N.C. Gen. Stat. § 1-292 (2003).[1] While we agree with appellants that the record currently contains insufficient evidence to support the $1 million bond ordered by the trial court, we disagree with appellants that an appropriate bond would be $1.00. Accordingly, we remand to the trial court for further proceedings to determine the amount of the bond required under N.C. Gen. Stat. § 1-292.

This appeal arises out of real estate transactions between The Currituck Associates Residential Partnership ("appellee") and Ray E. Hollowell, Jr. and Shallowbag Bay Development Company (collectively "appellants"). The original contract entered into by the parties required appellee to sell and appellants to buy certain real property located in Currituck County. Appellants planned to develop the land with residential condominiums called Windswept Ridge Villas. The property was to be conveyed over time in phases; the property associated with each phase was called a "pad." Appellants purchased the first three pads, but failed to close on the acquisition of the fourth pad.

A dispute arose among the parties, and both appellants and appellee filed actions in Dare County Superior Court. Appellee claims that the parties subsequently reached a settlement and that appellants failed to comply with the terms of that agreement. Appellee, therefore, filed motions in both actions to enforce the settlement agreement.

---

1. The trial court entered two identical orders in No. 01-CVS-318 and No. 01-CVS-551. This opinion will refer to those orders collectively as "the order." The complete facts of this case are set forth in *Currituck Assocs.-Residential P'ship v. Hollowell,* 166 N.C. App. 17, 601 S.E.2d 256 (2004), a prior appeal involving the same parties currently pending before the Supreme Court. That appeal involved the actual merits of the claims between the parties, whereas this appeal concerns only the trial court's order setting the bond required for a stay pending appeal.

On 22 May 2003, Judge W. Russell Duke, Jr. entered orders finding that the parties had in fact reached a settlement agreement. As part of its ruling, the trial court (1) "relieved [appellee] of any obligation to sale [sic] Pads 4-6 of Windswept Ridge Villas to [appellants]" and (2) ordered that "[appellee] shall have 60 days . . . in which to exercise an option to purchase Pad 3 of Windswept Ridge Villas from [appellant Hollowell] for $585,000."

After filing their notices of appeal from Judge Duke's orders, appellants filed a motion under N.C. Gen. Stat. § 1-292 asking the trial court to set a bond for a stay pending appeal. In support of this motion, appellants filed an affidavit by Ray E. Hollowell, Jr., "a member and manager of Shallowbag Development Company, LLC," suggesting that a bond in the amount of $1.00 would be adequate. In response, appellee submitted the affidavit of Charles J. Hayes who was described solely as "attorney-in-fact for The Currituck Associated Residential Partnership." Mr. Hayes stated that appellee would be damaged in the approximate amount of $1,369,040 per year if appellee was delayed in developing the property. Following a hearing on 15 October 2003, the trial court ordered appellants to post a bond in the amount of $1 million in order to stay execution on the court's previous judgment and to cover "all costs and damages [appellee] may sustain by reason of the delay associated with the appeal should [appellants] not prevail." Appellants timely appealed from the bond order.

[1] Appellants first contend that the trial court erred by failing to specify what evidence it relied upon in determining the bond amount. Phrased differently, this argument challenges the trial court's failure to make specific findings of fact in support of its ruling. Under Rule 52(a)(2) of the North Carolina Rules of Civil Procedure, however, a trial court is not required to make specific findings of fact when ruling upon a motion unless such findings are requested by a party. N.C. Gen. Stat. § 1A-1, Rule 52(a)(2) (2003). Appellants have not pointed to any place in the record where they requested that the trial court make findings of fact. When, as here, a trial court does not make specific findings of fact, "proper findings are presumed, and our role on appeal is to review the record for competent evidence to support these presumed findings." *Bruggeman v. Meditrust Acquisition Co.*, 138 N.C. App. 612, 615, 532 S.E.2d 215, 217-18, *appeal dismissed and disc. review denied*, 353 N.C. 261, 546 S.E.2d 90 (2000).

N.C. Gen. Stat. § 1-292 provides in pertinent part:

> If the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed on the part of the appellant, with one or more sureties, to the effect that, during his possession of such property, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which must be specified in the undertaking.

While the amount of the bond lies within the discretion of the trial court, *see Markham v. Nationwide Mut. Fire Ins. Co.*, 125 N.C. App. 443, 456, 481 S.E.2d 349, 358 (finding that the plain language of N.C. Gen. Stat. § 1-285 (1996) places the amount of the surety bond within the "sole discretion of the trial court"), *disc. review denied*, 346 N.C. 281, 487 S.E.2d 551 (1997), we must determine whether the record contains evidence to support the trial court's decision.

Mr. Hayes' affidavit stated the following in support of appellee's request for a substantial bond:

a. Upon information and belief, the construction cost for building the 60 condominium units will be approximately $10,708,000. Historically, construction costs at the Outer Banks area increases approximately 10% per year and I believe the construction costs associated with developing Pads 3-6 at Windswept Ridge Villas would increase annually by 10%. Therefore, if CARP is delayed one year while Hollowell appeals the Order, CARP will incur increased construction costs of approximately $1,070,800.

b. Upon information and belief, CARP would make a profit of $3,728,000 on the sale of the 60 condominium units it would build on Pads 3-6 at Windswept Ridge Villas. If CARP is delayed one year while Hollowell appeals the Order, CARP will be delayed in having the use of the profit it would make from developing Pads 3-6 at Windswept Ridge Villas. Applying the legal rate of interest of 8% to the delay in use of the profit CARP would make, CARP will be damaged in the amount of $298,240 per year.

**CURRITUCK ASSOCS.-RESIDENTIAL P'SHIP v. HOLLOWELL**

[170 N.C. App. 399 (2005)]

It appears that the trial court may have determined the $1 million amount of the bond by rounding off the increased construction costs. The record contains no other evidence that could be the basis for the court's bond amount.

The Hayes affidavit itself is an insufficient basis for the trial court to order a $1 million bond. Rule 43(e) of the Rules of Civil Procedure provides:

> *Evidence on motions.*—When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.

The trial court in this case chose to decide the bond motion based on affidavits. This Court has held that "the N.C. R. Civ. Pro. 56(e) requirement that affidavits must be based upon personal knowledge applies to Rule 43(e)." *Lemon v. Combs*, 164 N.C. App. 615, 621, 596 S.E.2d 344, 348 (2004). Indeed, "it is a general legal principle that affidavits must be based upon personal knowledge." *Id.* at 622, 596 S.E.2d at 348. Further,

> "[t]he affidavit must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. The personal knowledge of the facts asserted in an affidavit is not presumed from a mere positive averment of facts but rather the court should be shown how the affiant knew or could have known such facts and if there is no evidence from which an inference of personal knowledge can be drawn, then it is presumed that such does not exist."

*Id.*, 596 S.E.2d at 349 (quoting 3 Am. Jur. 2d, *Affidavits* § 14).

Mr. Hayes' affidavit does not contain any basis for inferring that he has personal knowledge of the project's construction costs or the likely increase in those costs that would result from a delay in construction. The affidavit simply states that Mr. Hayes is the "attorney-in-fact" for appellee with no explanation as to why that status provides him with knowledge of construction costs.[2] Even the affidavit states that Mr. Hayes' knowledge of construction costs is based

---

2. *Black's Law Dictionary* 138 (8th ed. 2004) defines an "attorney-in-fact" as "one who is designated to transact business for another; a legal agent." On the other hand, N.C. Gen. Stat. § 32A-2 (2003) provides that an "attorney-in-fact" is someone who has been named in a power of attorney.

"[u]pon information and belief." Our appellate courts have repeatedly held that statements made "upon information and belief"—or comparable language—"do not comply with the 'personal knowledge' requirement . . . ." *Hylton v. Koontz*, 138 N.C. App. 629, 634, 532 S.E.2d 252, 256 (2000) (citing cases), *disc. review denied*, 353 N.C. 373, 546 S.E.2d 603 (2001). While appellee argues that the phrase "upon information and belief" was used because the assertions relate to future events that cannot be predicted with certainty, this intention is not apparent from the affidavit and, in any event, does not address whether Mr. Hayes in fact has personal knowledge of the likely future construction costs. The affidavit is, therefore, not competent evidence to support the $1 million bond requirement.

**[2]** We do not, however, agree with appellants that an appropriate bond is $1.00. Appellants argue that the property is currently vacant, generates no rent, and has no foreseeable use while the appeal is pending such that the "value of the use and occupation" of the property is nominal. This argument assumes N.C. Gen. Stat. § 1-292's requirement that the bond be sufficient to cover "the value of the use and occupation of the property" refers to appellants'—and not appellee's—current use and occupation of the property. This construction of the statute is incorrect. Since the purpose of the bond is to protect the appellee from losses incurred during an appeal, the only reasonable interpretation is that the trial court must determine the value of the loss *to the appellee* of the use and occupancy of the property during the appeal. *See Nugent v. Beckham*, 43 N.C. App. 703, 707, 260 S.E.2d 172, 175 (1979) ("N.C. Gen. Stat. § 1-292 clearly contemplates that the seller must compensate the buyer for the buyer's loss of use and occupation of the property pending an appeal in which a judgment and decree ordering sale and possession to buyer is affirmed."). Appellants' affidavit asserting that the bond should be $1.00 because they do not intend to use or occupy the property is, therefore, beside the point.

In order for execution on the trial court's judgment to be stayed, a bond must be posted pursuant to N.C. Gen. Stat. § 1-292. *Venture Properties I, LLC v. Anderson*, 120 N.C. App. 852, 856, 463 S.E.2d 795, 797-98 (1995) (under N.C. Gen. Stat. § 1-292, the judgment was not stayed when defendant did not request the setting of a bond and did not post a bond), *disc. review denied*, 342 N.C. 898, 467 S.E.2d 908 (1996). Accordingly, we must remand to the trial court for a new determination of the proper bond amount based on competent evidence. Necessarily, the parties will have to produce sufficient evi-

dence to support their contentions regarding the proper amount. *See Iverson v. TM One, Inc.*, 92 N.C. App. 161, 167, 374 S.E.2d 160, 164 (1988) (remanding for determination of the amount of an injunction bond and directing that "[i]f the parties desire to present new evidence, the trial court should consider that evidence").

Because the question is likely to recur on remand, we must address appellants' contention that the trial court, in setting a bond, should only consider the value of the loss of use and occupancy for Pad 3 and not Pads 4 through 6. While the trial court's order only directed appellants to convey Pad 3 to appellee, the order also provided that appellee was "relieved of any obligation to sale [sic] Pads 4-6" to appellants. Appellants appealed all portions of the underlying orders, not just the portion concerning the conveyance of Pad 3. Thus, the trial court may properly consider the loss of use and occupancy for Pads 3 through 6 in setting the appeal bond.

Remanded.

Chief Judge MARTIN and Judge CALABRIA concur.